### A89A0487. NEWTON v. THE STATE.
(382 SE2d 432)

POPE, Judge.

Defendant Aubrey Gene Newton was convicted of the offenses of trafficking in cocaine and possession of marijuana. The statutory definition of trafficking in cocaine requires the defendant to be in possession of 28 grams or more of cocaine. OCGA § 16-13-31 (a). At trial, the State's expert witness testified that the cocaine seized from the defendant's possession weighed 28.0 grams. On cross-examination the expert witness stated that the electronic balance scales on which the cocaine was weighed has a margin of error of less than one percent. Defendant's sole enumeration of error is that the trial court erred in denying his motion for directed verdict as to the trafficking in cocaine charge because the State failed to prove the offense beyond a reasonable doubt.

A directed verdict is authorized in a criminal case only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1 (a). The evidence that the scale on which the cocaine was weighed was subject to a margin of error of less than one percent does not demand a verdict of acquittal. Even if the jury could reasonably find from this evidence that the cocaine seized from defendant was slightly less than the requisite 28 grams, it could just have reasonably have found that the weight measurement was accurate or that the amount of cocaine seized slightly exceeded 28 grams. Thus, the trial court did not err in denying defendant's motion for directed verdict.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 24, 1989.

*Albert C. Palmour, Jr.*, for appellant.

*Ralph Van Pelt, District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.