*Sumner,* for appellee.

### S93G1806. MIMS v. THE STATE.
(443 SE2d 845)

FLETCHER, Justice.

Mims' conviction of child molestation was affirmed by the Court of Appeals in *Mims v. State,* 209 Ga. App. 901 (434 SE2d 832) (1993). We granted Mims' petition for writ of certiorari to address the question of whether the trial court erred when it refused to give his requested charge on circumstantial evidence. We conclude that the trial court did err and reverse the decision of the Court of Appeals.

The trial court refused to give Mims' written request to charge on the law of circumstantial evidence.[1] See OCGA § 24-4-6. The state introduced both direct and circumstantial evidence as to Mims' guilt. In *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991), we intended to establish a bright-line rule with regard to the trial court's duty to charge the jury in circumstances where the case includes both direct and circumstantial evidence and the defendant has requested a charge on circumstantial evidence. In *Robinson* we held that

> where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached.

Id. at 699-700.

The Court of Appeals plurality interpreted the language in *Robinson* in such a manner as to make a defendant's right to a charge on the law of circumstantial evidence contingent upon whether the state's case "depends" on the circumstantial evidence. In defining the word "depends," the plurality held that if the state presents direct evidence as proof for each essential element of its case, then the circumstantial evidence is merely "cumulative" and the case does not "depend" on circumstantial evidence. Applying this analysis, the plurality found that Mims was not entitled to a charge on circumstantial evidence.

---

[1] Mims' requested charge tracks the language of OCGA § 24-4-6 and the pattern jury instruction based on such Code section, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed. 1991), Part 2 Suggested General Charges Required in All Criminal Cases (V).

In *Robinson* we recognized that it is impossible to determine whether a jury has based its verdict on direct or circumstantial evidence. When the state introduces both direct and circumstantial evidence, it is always possible that a jury will reject the direct evidence and base its decision solely on the circumstantial evidence, i.e., when the jury believes that the direct testimony is impeached. Also, the jury may determine the direct evidence insufficient and base its decision in part on circumstantial evidence. The test espoused by the Court of Appeals plurality requires the trial court to first identify what direct evidence has been presented with regard to each element of the case and then to either assume that the evidence will be accepted by the jury as true and sufficient or to pre-judge whether the jury will find the evidence true and sufficient. In either case this procedure is flawed because it requires the trial court to speculate as to what evidence the jury will consider in arriving at its verdict. We find such a procedure unsatisfactory and we reject the same.

If the state introduces circumstantial evidence into a case, that evidence has a purpose — to help the state prove the defendant's guilt. As we recognized in *Robinson*, no one can predict whether the jury will rely on that circumstantial evidence and, regardless of how the state, the trial court or anyone else may characterize the importance of that evidence to the state's case, the state's case "depends" in whole or in part on each and every item of proof introduced into evidence because the jury may rely upon that particular item of proof to reach its verdict.

We set forth the rule in *Robinson* because we recognized the impossibility of pre-judging what evidence a jury will consider in reaching its verdict. Since a jury could consider circumstantial evidence in every instance where it has been introduced, upon request, the trial court *must* give the charge so that the jury will be familiar with how to weigh that circumstantial evidence.[2]

Applying the rule in *Robinson* to the facts of this case, it is clear that the state introduced circumstantial as well as direct evidence in its case against Mims. See *Mims v. State*, 209 Ga. App. at 908 (Smith, J., dissenting). Mims was therefore entitled to have his requested

---

[2] In *Johnson v. State*, 210 Ga. App. 99 (435 SE2d 458) (1993), Judge Birdsong's majority opinion exactly stated the result intended by the rule we espoused in *Robinson*.

In light of . . . [*Robinson*], a trial court positively invites reversal of a criminal conviction when it fails to give the circumstantial evidence charge whenever such a charge is requested . . . . Virtually every case contains some circumstantial evidence and, if the charge is not given, stands in danger of being reversed for clearly harmful and erroneous error. The charge is a fundamental principle of law as to criminal guilt and there is no reason not to give it; the [s]tate is not harmed by it and has no right to have it omitted.

Id. at 100.

charge given to the jury[3] and the Court of Appeals erred in not so holding. Additionally, we find that the evidence was close enough that failure to give this charge was not harmless. We likewise reject such part of the Court of Appeals' holding which concludes that the requested charge, which essentially quotes OCGA § 24-4-6, was not adjusted to the evidence.

*Judgment reversed. All the Justices concur, except Benham, P. J., Hunstein and Carley, JJ., who dissent.*

HUNT, Chief Justice, concurring.

I agree that the judgment of the Court of Appeals in this case must be reversed, but I write separately for two reasons.

1. First, the majority admonishes that a charge on circumstantial evidence is required "in every instance where it has been introduced." One might argue that circumstantial evidence, consisting mainly, as it does, of inferences and deductions, is not "introduced," but that is not the point. The point is, as Judge Birdsong exclaimed in *Johnson v. State*, 210 Ga. App. 99 (435 SE2d 458) (1993) (referred to in passing in fn. 2 of the majority opinion), proof of criminal intent, an element in almost every crime, is, of necessity, the subject of circumstantial evidence.[4] Why, then, should trial courts devote any of their precious time to a consideration of this issue? An instruction on evidence, whether direct or circumstantial, should always be given on request.[5]

2. It must also be noted that the rule stated in OCGA § 24-4-6 applies with equal force to direct evidence. That is, even though direct evidence may enjoy greater statutory status than circumstantial evidence, see OCGA § 24-1-1,[6] it, as well as circumstantial evidence,

---

[3] We note that even under the old rule found in *Stanley v. State*, 239 Ga. 260 (236 SE2d 611) (1977) (which required the charge if the direct evidence had been impeached), Mims would still have been entitled to a charge on the law of circumstantial evidence. The only direct evidence of criminal behavior on the part of Mims is the testimony of the victim. This testimony was impeached by Mims' testimony wherein he related a different sequence of events (see OCGA § 24-9-82, impeachment by disproving the facts testified to by the witness). Since the direct evidence may have been discounted by the jury, the rest of the state's case was based on circumstantial evidence.

[4] There are certain offenses, status felonies and various minor criminal violations, for example, that may require no proof of mens rea.

[5] Deciding whether evidence is direct or circumstantial or both can be confusing. For example, evidence that the defendant and the victim were the only persons present in a house at the time of death is certainly direct evidence of that fact; it may also constitute a circumstance which, taken along with other consistent circumstances, points to the conclusion that the defendant killed the victim. Whether it ultimately supports such a conclusion and thus becomes circumstantial evidence tending to prove that conclusion will depend on the existence of other facts proven by direct and/or circumstantial evidence.

[6] But see *Steen v. State*, 130 Ga. App. 632, 634 (204 SE2d 344) (1974) quoted in the Suggested Pattern Jury Instructions, Vol. II: "The comparative weight of circumstantial evidence and direct evidence, on any given issue, is a question of fact for the jury to decide."

must establish guilt beyond a reasonable doubt and exclude every reasonable theory of innocence if a conviction is to be obtained. Presently, the Suggested Pattern Jury Instructions include this:

> (*Give the following charge only if one or more essential elements of the state's case is based on circumstantial evidence.*)
> To warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused.

Because this charge implies, erroneously, that direct evidence requires a lesser standard of proof, that is, that direct evidence would *not* have to exclude every other reasonable theory, I would substitute the following:

> You would be authorized to convict only if the evidence proves the guilt of the accused beyond a reasonable doubt and the evidence excludes all reasonable theories of innocence. It is the state's burden to produce such evidence.

Moreover, I would not require the "two theories charge," even on request. It is merely an amplification of the statutory charge, or just another way of saying the jury must find guilt beyond a reasonable doubt.

I am authorized to state that Justice Fletcher and Justice Sears-Collins join in this concurrence.

BENHAM, Presiding Justice, dissenting.

Although I concurred in this court's decision in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) less than three years ago, experience with the *Robinson* rule and further reflection on my part have convinced me that *Robinson* was wrongly decided. The cases that have followed it, including the present case, persuade me that our well-intentioned effort to state a bright-line rule for the use of the circumstantial evidence charge based on OCGA § 24-4-6 has fostered confusion and threatens to weaken the criminal justice system. I agree with Chief Justice Hunt's statement in his concurrence and with Presiding Judge Birdsong's statement in *Johnson v. State*, 210 Ga. App. 99 (435 SE2d 458) (1993), that if *Robinson* is to remain good law, it will be necessary for trial courts to give the charge requiring exclusion of every other hypothesis other than that of the guilt of the accused in every criminal trial. I do not agree, however, with Judge Birdsong's assertion in *Johnson*, that "the charge is a fundamental principle of criminal law and there is no reason not to give it . . . ." To the con-

trary, I now believe that if the charge is given in cases in which there is both direct and circumstantial evidence, it is likely to confuse juries and to lead them to believe, inappropriately, that they should acquit if there is any other possible explanation than that of guilt of the accused, even if there is unimpeached direct evidence on the point. While it is true that jurors may disbelieve even unimpeached direct evidence and may acquit a defendant even though the evidence would demand a verdict of guilt, this court should not encourage such juror misconduct.

A preferable way to deal with the problems that have arisen from the extension of the rule is to limit the applicability of the charge to those cases for which it was first intended, those in which the only evidence presented is circumstantial. The language used in OCGA § 24-4-6 appeared in *Orr v. State*, 34 Ga. 342, 345 (1866), in the course of a discussion of the sufficiency of the evidence in that case to support the conviction. The court noted that the evidence against Orr was "entirely circumstantial" and held that in order to convict "upon this character of testimony, 'it is essential that the circumstances should, to a moral certainty, actually exclude every hypothesis but the one proposed to be proved.' [Cit.]" Id. By 1895, the language was codified and the word "entirely" had been dropped. Nonetheless, as recently as 1980, at least, the appellate courts of this state were still limiting the necessity for the instruction to those cases in which the evidence was entirely circumstantial. See, e.g., *Arnett v. State*, 245 Ga. 470 (265 SE2d 771) (1980). Confusion was already creeping into the issue, however, in such cases as *Ramsey v. State*, 212 Ga. 381 (2) (92 SE2d 866) (1956), where this court held that "when direct and circumstantial evidence is introduced in a criminal case, it is the better practice to charge the law contained in [OCGA § 24-4-6]."

It is my view that the cause of criminal justice would have been better served by maintaining the rule as it was originally stated and for the purpose it originally served, insuring that defendants were not convicted under evidence which served only to raise a conjecture of guilt. To alleviate the problems which have arisen and the need for splitting hairs to determine what evidence a case "depends" upon, I would simply reinstate the rule as it was intended and apply it only when the evidence adduced at trial was entirely circumstantial. That would do away with the strained analyses to which the appellate courts have been put to avoid reversing otherwise valid convictions. Adopting such a rule, I would affirm the judgment of the Court of Appeals in the present case because there was some direct evidence adduced at trial.

Since the majority reverses the judgment of the Court of Appeals and extends the already overextended rule even further, I must respectfully dissent.

I am authorized to state that Justice Carley and Justice Hunstein join in this dissent.

DECIDED JUNE 13, 1994.

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.