A98A0319. WAITS v. THE STATE.
(501 SE2d 870)

SMITH, Judge.

Donald Rivers Waits was found guilty by a jury of driving under the influence of alcohol to the extent that he was a less safe driver. OCGA § 40-6-391 (a) (1). He appeals from the judgment of conviction and sentence entered on the jury's verdict, raising three enumerations of error. We find that the evidence presented at trial was sufficient to authorize Waits's conviction. But because we also conclude the trial court erred in refusing to give Waits's requested jury charge on circumstantial evidence tracking the language of OCGA § 24-4-6, we reverse the judgment below.

1. The evidence presented at trial showed that Officer K. D. Daniels of the Atlanta Police Department was assigned to the DUI Countermeasures Team. He was working at a supervised roadblock, checking drivers for documentation such as licenses and proof of insurance. When Waits drove up and showed Daniels his driver's license, Daniels detected a "strong odor of alcoholic beverage on his breath and person." Daniels also observed that Waits had glassy eyes and slurred speech. Waits admitted "he did drink something earlier that night." Waits agreed when Daniels asked if Waits would mind

taking several field sobriety tests. Waits's performance on the tests, which included the horizontal gaze nystagmus test, the nine-step walk and turn, and the one-leg stand, led Daniels to believe he was under the influence of alcohol and impaired. An alcosensor test was also positive. Once the tests were completed, Daniels "felt that Mr. Waits was definitely impaired, too impaired to be driving a motor vehicle," and Waits was arrested.

Because Waits was charged with violating OCGA § 40-6-391 (a) (1), the State was required to show that he was a "less safe driver as a result of alcohol consumed before the driving ended." Id. It is well established that police officers may offer opinion testimony in this regard. *Church v. State*, 210 Ga. App. 670, 671 (2) (436 SE2d 809) (1993). Waits argues, however, that before such testimony is admissible a sufficient evidentiary foundation must be laid, and in this case Daniels did not observe Waits drive erratically before stopping him and therefore the evidentiary foundation for his opinion is lacking. We do not agree.

A witness who demonstrates the opportunity to observe the condition of another and is competent to evaluate that condition may offer an opinion as to that condition. *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) (1989). It is true that Daniels did not see Waits driving before the stop. But that is not dispositive of the issue, because Daniels's evaluation concerned Waits's *condition*, and whether it rendered him a less safe driver; it did not concern Waits's actual driving. No requirement exists that the person actually commit an unsafe act. *Lewis v. State*, 214 Ga. App. 830, 831 (1) (449 SE2d 535) (1994). Daniels did have an opportunity to observe Waits's behavior during his investigation. And this observation yielded numerous clues to Waits's condition: the strong odor of alcohol on Waits's breath, his red, glassy eyes, his slurred speech, and his inability to maintain his balance.

Daniels was trained to evaluate Waits's condition. He had been an Atlanta police officer for five years, had been specially trained in this field, had been certified in DUI Standardized Field Testing by the NHTSA, had been assigned to the DUI Countermeasures Team for approximately two years, and had made 400-500 DUI arrests. He was therefore competent to give his opinion. *Sieveking v. State*, 220 Ga. App. 218, 219-220 (1) (469 SE2d 235) (1996). His opinion was also sufficient to authorize the jury to find Waits guilty of being under the influence of alcohol to the extent he was a less safe driver under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Sieveking*, supra at 220-221 (3).

2. Waits contends the trial court erred in refusing to give his requested charge no. 8, which stated that "to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent

with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The requested charge tracked the language of OCGA § 24-4-6, and it was a correct statement of the law. *"Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991) and *Mims v. State,* 264 Ga. 271 (443 SE2d 845) (1994) established the bright-line rule that it is error to fail to give a request to charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 when the State's case includes both direct and circumstantial evidence." (Emphasis omitted.) *Yarn v. State,* 265 Ga. 787 (1) (462 SE2d 359) (1995).

In this case, although the trial court instructed the jury on the definitions of direct and circumstantial evidence and the difference between them, no charge on the principle embodied in OCGA § 24-4-6 was given. Waits reserved his objection to the charge. "[T]he pivotal question is whether the State presented direct as well as circumstantial evidence of [Waits's] guilt." *Stubbs v. State,* 265 Ga. 883, 884 (1) (463 SE2d 686) (1995).

We first note that the very fact that the trial court deemed it necessary to instruct the jury on the definition of circumstantial evidence and on the difference between circumstantial evidence and direct evidence indicates that the trial court believed the State's case depended on both circumstantial and direct evidence, lending credence to Waits's argument.

"The distinction between direct and circumstantial evidence has best been explained this way: Direct evidence is that which is consistent with *either* the proposed conclusion *or* its opposite; circumstantial evidence is that which is consistent with *both* the proposed conclusion *and* its opposite. [Cit.]" *Stubbs,* supra at 885. In a DUI case, the result of a blood alcohol test of a driver showing alcohol content greater than 0.10 must be characterized as direct evidence; it is consistent only with the conclusion that the person from whom the blood was drawn was in violation of OCGA § 40-6-391 (a) (5) (driving while alcohol concentration is 0.10 grams or more). By the same token, the opinion testimony of a trained officer based upon his observation of an accused that the accused was impaired and a less safe driver is consistent only with the conclusion that the accused was driving in violation of OCGA § 40-6-391 (a) (1). It, too, is direct evidence.

But the evidence upon which the officer's opinion is based must be characterized as circumstantial. Failing field sobriety tests, for instance, may be caused by illness or handicap; the odor of alcohol about one's person may derive from alcohol inadvertently spilled on one's clothing by another. This evidence is certainly admissible and sometimes sufficient. It is nevertheless circumstantial in nature. We conclude, therefore, that the State's evidence of Waits's guilt did include some circumstantial evidence and that the trial court should

have given the requested charge on OCGA § 24-4-6. *Mims*; *Robinson*, supra.

This omission was not harmless. The evidence of Waits's guilt was not overwhelming. For instance, although he demonstrated all six "clues" on the HGN test, he did keep his leg raised for 30 seconds on the one leg stand, dropping it briefly only once. Failure to give this requested charge was therefore reversible error. *Mims*, supra at 273.

3. Because Waits must be retried, we address his remaining enumeration, in which he asserts error in the trial court's charge concerning the HGN test. This test is based upon the principle that horizontal gaze nystagmus, an involuntary movement of the eyes, can be caused by the ingestion of alcohol. *Hawkins v. State*, 223 Ga. App. 34, 38 (476 SE2d 803) (1996). The trial court instructed the jury that "[t]he HGN is based on well known and medically accepted principles. That nystagmus can be caused by ingestion of alcohol. The HGN test is an accepted common procedure that has reached a state of verifiable certainty in the scientific community and is admissible as a basis upon which an officer can determine whether a driver was impaired by alcohol."

Waits maintains this charge violated OCGA § 17-8-57 by intimating the judge's opinion regarding Waits's guilt or what had been proved. Waits correctly notes this Court's observation in *Spivey v. State*, 38 Ga. App. 213, 216 (143 SE 450) (1928), that jurors are "sensitive . . . to the slightest judicial expression" of opinion. He argues this is particularly true when the State introduces "so called 'scientific evidence' with its aura of infallibility," and asserts that the charge "tended to bolster the credibility of the state's evidence" and suggested to the jury that Waits's counsel was being untruthful when his argument discounted the accuracy and reliability of the test. We do not agree.

The charge did not express an opinion, either of Waits's guilt or regarding what had been proved. It stated only that the test was based upon the accepted scientific principle that nystagmus "can be caused by" alcohol ingestion, and that the test had reached a state of verifiable certainty in the scientific community and was admissible in evidence as a basis for the conclusion of a police officer that a driver was impaired. That was the holding of this Court in *Hawkins*, supra, and as such was a correct statement of the law. The trial court did not err in giving this charge.

*Judgment reversed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1998.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams*

*III, Eric D. Hearn, Larkin M. Lee*, for appellant.
*June D. Green, Solicitor, Wanda L. Dallas, Assistant Solicitor*, for appellee.