A98A1216. TOMKO v. THE STATE.
(503 SE2d 300)

BLACKBURN, Judge.

Craig Tomko appeals his conviction for driving under the influence to the extent that it was less safe to drive. Because the trial court erred in refusing to give a requested jury charge tracking OCGA § 24-4-6, we reverse.

On the night of November 14, 1996, a police officer observed Tomko's car traveling 53 mph in a 35-mph zone and, consequently, stopped the vehicle. When the officer asked for identification, he detected the odor of alcoholic beverages and noticed that Tomko's eyes were glassy. Tomko admitted he had been drinking. The officer asked Tomko to perform several field sobriety tests: the horizontal gaze nystagmus (HGN), the nine step walk and turn, and the one leg stand. Tomko performed poorly on each of the tests, leading the officer to believe he was an impaired driver. The officer then took a preliminary breath test from Tomko that showed a positive result for alcohol. Tomko was later administered an Intoxilyzer 5000 test that

revealed a blood-alcohol concentration of 0.089. This test result was noted on the Uniform Traffic Citation (UTC) issued to Tomko. That test and its result, however, were suppressed by the trial court and is not an issue on appeal. The State prosecuted the case under OCGA § 40-6-391 (a) (1), without the suppressed evidence, arguing that Tomko was under the influence of alcohol to the extent that he was a less safe driver. Tomko moved to dismiss the case and the trial court denied said motion.

1. Tomko argues that the trial court erred in denying his motion to dismiss the case and in refusing to grant a directed verdict of acquittal on the basis that the State failed to prove every element of the DUI offense charged. Tomko argues that because the UTC contained a notation that his blood-alcohol concentration was 0.089, the State was required to prove that blood-alcohol test result to obtain a DUI conviction even though he had been charged under the "less safe" provision of OCGA § 40-6-391 (a) (1). Absent such proof, Tomko argues, there was a fatal variance between the allegata and probata. We do not agree, for if this were true, every suppression of a breath test would result in a dismissal of the case. The inclusion on the UTC of a test result, does not preclude the State from proving its case by other admissible evidence.

The UTC charged Tomko with "DUI (Alcohol) in Violation of Code Section 40-6-391 (a) (1)." This Code provision makes it illegal to drive while "[u]nder the influence of alcohol to the extent that it is less safe for the person to drive." The test result, which is noted on the UTC in a separate section pertaining to tests administered, is simply not a part of the formal charge made. Although we have held that such notations and remarks on a UTC may apprise the defendant of the nature of the charges against him, see *Shannon v. State*, 205 Ga. App. 831, 833 (3) (424 SE2d 51) (1992), that does not necessarily mean they constitute formal allegations which must be proven at trial. In this case, the blood-alcohol test result was not alleged as part of the offense charged. Tomko's arguments, therefore, are without merit.

2. Tomko contends the trial court erred in refusing to give his requested charge no. 1, which stated that "to warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the theory of guilt, but shall exclude every other reasonable theory other than the guilt of the accused." The written request, which substantially tracks the language of OCGA § 24-4-6, is a correct statement of the law. "*Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) and *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) established the bright-line rule that it is error to fail to give a request to charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 when the State's case includes both direct and circumstan-

tial evidence." (Emphasis omitted.) *Yarn v. State*, 265 Ga. 787 (1) (462 SE2d 359) (1995).

Here, the trial court charged the jury on the definitions of direct and circumstantial evidence and the difference between them. However, no charge on the principle embodied in OCGA § 24-4-6 was given. Tomko reserved his objection to the charge. Thus, the pivotal question is whether the State presented circumstantial as well as direct evidence of Tomko's guilt. *Waits v. State*, 232 Ga. App. 357 (501 SE2d 870) (1998).

"We first note that the very fact that the trial court deemed it necessary to instruct the jury on the definition of circumstantial evidence and on the difference between circumstantial evidence and direct evidence indicates that the trial court believed the State's case depended on both circumstantial and direct evidence, lending credence to [Tomko's] argument." *Waits*, supra.

"The distinction between direct and circumstantial evidence has best been explained this way: Direct evidence is that which is consistent with *either* the proposed conclusion *or* its opposite; circumstantial evidence is that which is consistent with *both* the proposed conclusion *and* its opposite." *Stubbs v. State*, 265 Ga. 883, 885 (2) (463 SE2d 686) (1995). Applying this definition, the officer's observation that Tomko was traveling in excess of the speed limit was direct evidence of both speeding and an unsafe act. Also, the positive result of the preliminary alcohol breath test was direct evidence that Tomko had consumed alcohol. "By the same token, the opinion testimony of a trained officer based upon his observation of an accused that the accused was impaired and a less safe driver is consistent only with the conclusion that the accused was driving in violation of OCGA § 40-6-391 (a) (1). It, too, is direct evidence." *Waits*, supra. "But the evidence upon which the officer's opinion is based must be characterized as circumstantial. Failing field sobriety tests, for instance, may be caused by illness or handicap; the odor of alcohol about one's person may derive from alcohol inadvertently spilled on one's clothing by another. This evidence is certainly admissible and sometimes sufficient. It is nevertheless circumstantial in nature. We conclude, therefore, that the State's evidence of [Tomko's] guilt did include some circumstantial evidence and that the trial court should have given the requested charge on OCGA § 24-4-6." Id.

Considering the evidence adduced in this case, we cannot find the failure to give the requested charge harmless. Substantially the same evidence was adduced by the State in *Waits* and we found that it was not overwhelming. Id. Therefore, we must conclude that the failure to give this requested charge requires reversal.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 1998.

*Jamie S. Wingler*, for appellant.
*June D. Green, Solicitor, Steven E. Kellis, Assistant Solicitor*, for appellee.