## A98A1478. SCHEIPERS v. THE STATE.
### (505 SE2d 835)

RUFFIN, Judge.

Following a bench trial, Guy Scheipers was found guilty of having a blood alcohol concentration of 0.10 grams or more within three hours after driving or being in actual physical control of a vehicle. See OCGA § 40-6-391 (a) (5). Scheipers contends in his sole enumeration of error that there is insufficient evidence to support his conviction because the machine used to test his breath has a 0.010 margin of error. We disagree and affirm his conviction.

The evidence shows that Scheipers was given a breathalyzer test on an Intoximeter 5000 machine following his arrest for driving under the influence. The first sample revealed a 0.101 blood alcohol concentration. The second sample, which was taken two minutes later, showed a blood alcohol concentration of 0.103. Scheipers argues that his conviction cannot rest upon these test results because the Intoximeter 5000 machine has a margin of error of 0.010. Scheipers made this argument below, and the trial court acknowledged that his "true blood alcohol reading could have been a 0.111 just as well as it could have been a 0.093." Nonetheless, the trial court found Scheipers guilty of having a blood alcohol concentration of 0.10 grams or more within three hours after driving or being in

actual physical control of a vehicle. OCGA § 40-6-391 (a) (5).

We find these test results sufficient to support Scheipers' conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lanier v. City of Manchester*, 205 Ga. App. 597 (423 SE2d 30) (1992); *Newton v. State*, 191 Ga. App. 664 (382 SE2d 432) (1989). A breathalyzer machine's margin for error relates "to the weight rather than the admissibility of breathalyzer results." *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516) (1991). "[T]he weight to be given the various evidence is exclusively an issue for resolution by the factfinder." *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997). Accordingly, we cannot say that the trial judge erred in this case.

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED AUGUST 24, 1998.

*Casey & Rowsey, Thomas C. Rowsey*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor*, for appellee.