A98A2200. CAWTHON v. THE STATE.
(510 SE2d 586)

ANDREWS, Chief Judge.

William Cawthon appeals from the verdict entered after a jury found him guilty of driving under the influence. Because we find no reversible error, we affirm the judgment of the trial court.

1. In his first enumeration of error, Cawthon claims the trial court erred in refusing to quash the "per se" count of DUI when the evidence at trial showed the Intoxilyzer 5000 used had a margin of error of 0.01 grams. This issue has already been decided adversely to Cawthon. A breathalyzer machine's margin of error relates to the weight given to the test results rather than to their admissibility. *Lattarulo v. State*, 261 Ga. 124, 126 (401 SE2d 516) (1991); *Scheipers v. State*, 234 Ga. App. 112 (505 SE2d 835) (1998) (physical precedent only).

2. Next, Cawthon argues the trial court should have suppressed the results of the breath test because the Implied Consent Warning read to Cawthon was misleading in that it only informed him of penalties he might face in Georgia and not those he might face in his home state of Alabama. We have already decided this issue adversely to Cawthon in *Wofford v. State*, 234 Ga. App. 316 (506 SE2d 656) (1998).

3. Finally, Cawthon claims the trial court erred in refusing to instruct the jury under OCGA § 24-4-6 that to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. There was no error.

"*Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) and *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) established the bright-line rule that it is error to fail to give a request to charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 when the State's case includes both direct and circumstantial evidence." *Yarn v. State*, 265 Ga. 787 (462 SE2d 359) (1995). Here, Cawthon was charged with driving under the influence with a blood alcohol percentage of .10. The evidence introduced by the State in support of this charge was the results from a breath test by the Intoxilyzer 5000.

These results are characterized as direct evidence. *Waits v. State*, 232 Ga. App. 357, 359 (501 SE2d 870) (1998). *Waits*, supra, and

*Tomko v. State*, 233 Ga. App. 20 (503 SE2d 300) (1998), relied on by Cawthon, arè not on point. In both *Waits* and *Tomko*, the defendants were charged with driving under the influence to the extent that they were less safe drivers, in violation of OCGA § 40-6-391 (a) (1). In those cases, the State introduced both circumstantial and direct evidence. *Waits*, supra at 359; *Tomko*, supra at 22.

Cawthon also argues that he elicited testimony on the margin of error of the Intoxilyzer 5000 and this was circumstantial evidence, thus requiring the requested charge. Cawthon cites no authority for this proposition and we find none. Trial courts are required to give the circumstantial evidence charge tracking the language of OCGA § 24-4-6 when the *State's* case includes both direct and circumstantial evidence and the defendant requests the charge. *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995). Here, as stated above, the State's case did not include circumstantial evidence. Therefore, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 16, 1998.

*William C. Head*, for appellant.

*Joseph J. Drolet, Solicitor, Eric K. Dunaway, Assistant Solicitor*, for appellee.