A99A0310. WILEY v. THE STATE.
(519 SE2d 10)

MCMURRAY, Presiding Judge.

Defendant Wiley appeals her conviction of the offenses of armed robbery and possession of marijuana. *Held:*

1. The first enumeration of error maintains that the trial court erred in admitting certain similar transaction evidence. Defendant did not file a motion in limine regarding the similar transaction evidence, but challenged the admissibility of the similar transaction evidence at the pretrial hearing pursuant to Uniform Superior Court Rule 31.3. Under these circumstances, defendant waived appellate review of her challenge to the similar transaction evidence by failing to make any objection when that evidence was introduced at trial. *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189); *McClarity v. State*, 234 Ga. App. 348, 349 (2) (506 SE2d 392); *Davis v. State*, 229 Ga. App. 787, 789 (2) (494 SE2d 702).

2. The second enumeration of error maintains that the trial court gave an incorrect jury instruction on circumstantial evidence. Using the language of OCGA § 24-4-6, the trial court charged that *"[t]o warrant a conviction on circumstantial evidence*, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." Defendant argues that the use of the italicized phrase from the statute does not comport with the rationale of *Robinson v. State*, 261 Ga. 698 (410 SE2d 116), which is often cited for the rule announced therein that where the State's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. Defendant argues that this phrase erroneously conveys to the jury that the prosecution's case must be wholly circumstantial before the jury should apply the principle. However, since we find many cases holding that a charge on circum-

stantial evidence using the statutory language satisfies the requirement created in *Robinson*, we find that this enumeration of error lacks merit. *Tomko v. State*, 233 Ga. App. 20, 21 (2) (503 SE2d 300); *Waits v. State*, 232 Ga. App. 357, 358 (2) (501 SE2d 870); *Stephens v. State*, 208 Ga. App. 291, 293 (4) (430 SE2d 29).

3. Next, defendant contends that the trial court erred in instructing the jury on expert witnesses because no witness was tendered or qualified as an expert. The witness to whom the charge could have applied was Corporal William Schaeffer, of the Savannah Police Department, who testified as to his special training and experience in the area of fingerprint analysis. This officer then provided opinion testimony regarding a number of fingerprint comparisons.

> If, after qualifying the witness as an expert but without formal tender, counsel proceeds to ask for expert opinion evidence based upon either a hypothetical or facts within the personal knowledge of the witness the trial court has tacitly or impliedly accepted the witness as an expert.

*In the Interest of C. W. D.*, 232 Ga. App. 200, 207 (3) (b) (501 SE2d 232). Nonetheless, even if Officer Schaeffer's testimony did not authorize the charge on expert testimony, we hold that it is highly probable that the charge did not contribute to the verdict and was harmless. In so holding, we reject defendant's contention that the charge would have bolstered the credibility of the police witnesses by elevating them to the status of experts. *Winfield v. State*, 210 Ga. App. 849, 852 (3) (437 SE2d 849).

4. The trial court did not err in charging the jury on conspiracy, whether that charge is considered alone or in conjunction with the charge given on parties to a crime. *Huey v. State*, 263 Ga. 840, 842 (3) (439 SE2d 656); *Cordova v. State*, 191 Ga. App. 297, 298 (1) (381 SE2d 436). Furthermore, it is clear that a conspiracy may be proven and a jury charge may be given on conspiracy in the language of OCGA § 16-2-20, even though a defendant is not indicted under the theory of conspiracy provided in OCGA § 16-4-8. Id.; see also *Williams v. State*, 267 Ga. 308, 309 (2) (477 SE2d 570).

5. Defendant's final enumeration of error questions the sufficiency of the evidence to authorize her conviction of possession of marijuana. Defendant testified that she received some marijuana as a result of the armed robbery. After defendant and her accomplices were arrested approximately an hour after the armed robbery, a bag of marijuana was found on the ground near the vehicle she had been driving moments before and a second bag of marijuana was apparently dropped on the ground by an accomplice who had been seized by a police officer. The recovery of the marijuana served to satisfy the

statutory requirement for corroboration of defendant's confession of possession of marijuana. OCGA § 24-3-53; *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752).

The recovered marijuana was not without evidentiary value due to the lack of expert testimony since identification of a material or substance may be made by other than expert testimony. *Rabern v. State of Ga.*, 221 Ga. App. 874, 875 (2) (473 SE2d 547); *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175). Here, defendant did not challenge the identification of the marijuana and made no objection to the testimony as to the nature of the substance found in the bags.

There was also sufficient evidence showing defendant's guilt of armed robbery. In a tape-recorded statement to police, defendant described the planning and execution of the armed robbery. Defendant left her accomplices near the planned robbery site and met the victim ostensibly to purchase marijuana. After leading the victim to the planned robbery site and inviting him into her car, the victim and defendant were approached by the accomplices who robbed the victim at gunpoint, taking the victim's money, pager, car, and a quantity of marijuana. Defendant's statement with respect to the armed robbery was amply corroborated by the testimony of the victim and other evidence presented at trial.

The evidence presented at trial was sufficient to authorize the jurors, as rational triers of fact, to conclude that defendant was guilty beyond a reasonable doubt of possession of marijuana and of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Leming v. State*, 235 Ga. App. 710, 711 (2) (510 SE2d 364); *Goswick v. State*, 201 Ga. App. 799, 800 (412 SE2d 293).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 28, 1999.

*Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.