## A01A1453. JOHNSON v. THE STATE.
### (555 SE2d 34)

MILLER, Judge.

A jury found Michael Ray Johnson guilty of two counts of DUI and one count of no proof of insurance. Johnson moved for a new trial, which motion the court granted as to the DUI convictions, but denied as to the no proof of insurance conviction. On appeal Johnson challenges the denial of his motion for a directed verdict on the no proof of insurance conviction and the failure of the court to give his requested charge on circumstantial evidence. Johnson also argues that the court should have suppressed the evidence because the stop was not based on reasonable suspicion, and that it was error for the court to refuse to hear his motion to suppress on the basis of untimeliness. As these claims are without merit, we affirm.

The evidence showed that while conducting a late night roadcheck, officers noticed Johnson make a U-turn prior to reaching the checkpoint. An officer dispatched to follow Johnson observed that Johnson was weaving within his lane. The officer stopped Johnson and asked him for his license and proof of insurance. Johnson responded that he had a driver's license but that it was suspended. The officer then detected a strong odor of alcohol and asked Johnson to exit the vehicle. Johnson stumbled as he exited, and the officer noticed that his eyes were bloodshot and glassy and that his speech

was slurred. After testing positive on an alco-sensor, Johnson was arrested.

1. Johnson argues that the court erred in denying his motion for a directed verdict on the no proof of insurance charge. The standard of review for the denial of a motion for directed verdict of acquittal or a motion for new trial is the same as that used under *Jackson v. Virginia*[1] when the sufficiency of the evidence is challenged.[2] We view the evidence in the light most favorable to the verdict and do not weigh the evidence or assess the credibility of the witnesses.[3]

OCGA § 40-6-10 (a) requires the owner or operator of a vehicle to keep proof of the required minimum insurance coverage in the vehicle at all times. To support a conviction under this Code section, "there must be some evidence from which it can reasonably be inferred that the person charged did not have proof of insurance."[4] The officer testified that despite his request, Johnson never produced a driver's license or proof of insurance. The facts that the officer requested proof of insurance and that Johnson did not provide such proof were sufficient to establish that Johnson failed to comply with OCGA § 40-6-10.[5] Thus, the court did not err in denying Johnson's motion for directed verdict on this ground.

2. Johnson argues that the court erred in failing to grant a new trial on the no proof of insurance charge because his requested jury charge on circumstantial evidence was warranted. Johnson is correct that it is error to fail to give a requested charge on circumstantial evidence when the State's case includes both direct and circumstantial evidence.[6] Here, however, the State's evidence that Johnson failed to provide proof of insurance was direct evidence, and therefore a jury charge on circumstantial evidence was not warranted.[7]

3. Johnson filed a motion to suppress the evidence more than eight months after his scheduled arraignment for which he failed to appear. The trial court denied the motion as untimely. At trial, however, Johnson objected to the admission of the arresting officer's testimony on the basis that the stop was not supported by reasonable suspicion, which objection the court overruled. Johnson argues that

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Monteagudo v. State*, 247 Ga. App. 801 (545 SE2d 351) (2001).

[3] Id.

[4] *Kersey v. State*, 243 Ga. App. 689, 692 (1) (c) (534 SE2d 428) (2000).

[5] Compare id.; see *Taylor v. State*, 184 Ga. App. 368 (1) (361 SE2d 667) (1987).

[6] *Burks v. State*, 246 Ga. App. 22, 24 (2) (538 SE2d 769) (2000); *Cawthon v. State*, 235 Ga. App. 791 (3) (510 SE2d 586) (1998).

[7] See *Cawthon*, supra, 235 Ga. App. at 791-792 (3); *Carroll v. State*, 224 Ga. App. 543, 548 (2) (481 SE2d 562) (1997); cf. *Holcomb v. State*, 268 Ga. 100, 105 (6) (485 SE2d 192) (1997).

the court should have sustained his objection to suppress the evidence.

An officer may conduct a brief investigative stop of a vehicle when such a stop is justified by articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.[8] This case is analogous to *Semich v. State*,[9] where the defendant, at a late hour, abruptly changed his course of travel prior to a checkpoint and was observed weaving within his lane. There this Court held that "[a]lthough turning around to avoid police is not alone sufficient to justify a stop, combined with weaving and the late hour it is."[10] Similarly, in the present case, around 1:45 a.m. officers observed Johnson make a U-turn prior to reaching a police roadcheck and weave within his lane. In light of the combination of these factors, officers had reasonable and articulable grounds to stop Johnson on the suspicion that he was engaging in criminal conduct.[11]

4. Since we hold that there was reasonable and articulable suspicion for the stop of Johnson's vehicle, even if the court did err in failing to hear Johnson's motion to suppress, such error would have been harmless.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 28, 2001.

*Lee W. Fitzpatrick*, for appellant.
*David McDade, District Attorney, Pamela D. Brophy, Assistant District Attorney*, for appellee.

---

[8] *State v. Warren*, 242 Ga. App. 605-606 (530 SE2d 515) (2000); *Green v. State*, 240 Ga. App. 377 (1) (523 SE2d 581) (1999).

[9] 234 Ga. App. 89 (506 SE2d 216) (1998).

[10] (Footnotes omitted.) Id. at 93 (b).

[11] See id. at 92-93 (b); *Castillo v. State*, 232 Ga. App. 354, 357 (502 SE2d 261) (1998) (deliberately furtive reaction to roadblock gave officers reasonable suspicion).