A02A2398. LESH v. THE STATE.
(577 SE2d 4)

ELDRIDGE, Judge.

A Muscogee County jury found Michael B. Lesh guilty of first degree vehicular homicide with reckless driving as the underlying offense in that Lesh, after drinking alcohol, did follow another vehicle too closely "in a manner that was not reasonable and prudent," resulting in the death of Michael Hackett. Lesh appeals the conviction and claims in his sole enumeration of error that the trial court erred in denying his motion for directed verdict as to the instant offense. We disagree and affirm.

> A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or not guilty.[1]

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Here, so viewed, the evidence shows that, on the incident date, Lesh was distraught over his relationship with his girlfriend and had been drinking. Earlier, Lesh had told his girlfriend that he had been

---

[1] (Punctuation omitted; emphasis in original.) *Buchanan v. State*, 215 Ga. App. 143, 144-145 (1) (449 SE2d 660) (1994).

[2] *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).

drinking; the officer who responded to the 911 accident call smelled alcoholic beverage on Lesh; and a subsequent blood test showed Lesh's blood alcohol content as 0.068. During the early morning hours of the accident date, Lesh was traveling down Macon Road near Windtree Lane, very close to the home of his girlfriend.

The victim, Hackett, operated a forklift in an industrial park on Macon Road. He rode a bicycle frequently and had done so for 26 years. On the incident date, he left home on his bicycle in order to reach work by his 4:00 a.m. shift. The bicycle was newly purchased and had a white reflector on the rear, as well as yellow reflectors on the pedals. The victim was riding down Macon Road toward Macon on the right side of the white fog line, outside the lane of automobile travel. The night was clear; the road was straight; and, at the relevant section, Macon Road has a slight uphill grade, requiring a bicyclist to pedal in order to maintain forward momentum. Under such conditions, the evidence was that the bicycle's reflectors would be clearly visible to a motorist approaching from behind.

As he drove down Macon Road, Lesh approached Hackett's bicycle from behind and hit it. Based upon an examination and comparison of skid marks on and gouges left in the road, the condition and position of the victim, the position and condition of the bicycle, and the condition of Lesh's vehicle, an expert was able to reconstruct the accident as follows: Lesh drove his automobile almost a foot over the fog line on the right side of the road and approached the bicycle from behind outside the lane of travel; Lesh then struck the rear tire and fender of the bicycle, sending the victim onto the hood, the windshield, and ultimately onto the moonroof of Lesh's automobile before throwing the victim to the right edge of the roadway, where the victim's head struck the pavement, causing his death. The evidence shows that Lesh did not immediately use his brake upon striking Hackett; no skid marks were made by Lesh's vehicle.

OCGA § 40-6-390 (a) provides that, "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." The offense of reckless driving may be committed in a variety of ways. "[I]n order to establish a violation of OCGA § 40-6-390, the State needed only to present evidence showing that [the defendant] drove his car in a manner exhibiting reckless disregard for the safety of persons or property."[3]

Bicycles are considered "vehicles" for purposes of traffic law enforcement.[4] In that regard, OCGA § 40-6-49 (a) states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely

[3] *Klaub v. State*, 255 Ga. App. 40, 42 (1) (564 SE2d 471) (2002).
[4] OCGA § 40-6-291.

than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." What is reasonable and prudent is a jury question.[5] As is whether the act of "following too closely" demonstrated a reckless disregard for the safety of others under the circumstances in which such act was committed.[6]

Here, Lesh was distraught and driving his vehicle at 3:30 in the morning; he had consumed alcohol; he was driving outside his lane of travel; and he struck from behind a clearly discernible vehicle with visible reflectors that was traveling down a long, straight stretch of road; further, Lesh did not react by braking his car. We find this evidence sufficient for a rational trier of fact to have found beyond a reasonable doubt that Lesh was driving his vehicle in a manner exhibiting a reckless disregard for the safety of others.[7] Accordingly, the evidence was sufficient to support the jury's verdict on the first degree vehicular homicide charge beyond a reasonable doubt.[8]

Lesh wrongly relies on this Court's recent decision in *Klaub v. State*, which is clearly distinguishable on the facts. In *Klaub*, no evidence established that the car was driven in a reckless manner:

> There is no evidence establishing where the victim was when she was struck; she could have been several feet off the road or in the middle of the road. Likewise, there is no evidence showing that the victim would have been visible for a considerable distance, or that a reasonable driver would have seen her and been able to avoid striking her.[9]

In the instant case, however, the evidence showed the location of the victim upon impact; showed the victim was outside Lesh's lane of travel and, thus, so was Lesh when he hit the victim; showed that the victim was visible; and showed that a reasonable driver who was paying attention would not only have seen the victim, but could have avoided him simply by adhering to the proper lane of travel. Under these circumstances, the trial court did not err in denying Lesh's motion for directed verdict on the charge of first degree vehicular homicide.

*Judgment affirmed. Smith, C. J., and Ellington, J., concur..*

---

[5] *Malcom v. Malcolm*, 112 Ga. App. 151, 154 (144 SE2d 188) (1965).

[6] *Wilkes v. State*, 254 Ga. App. 447, 450 (562 SE2d 519) (2002).

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] *Mote v. State*, 212 Ga. App. 551 (1) (442 SE2d 799) (1994); *McNabb v. State*, 180 Ga. App. 723, 725 (4) (350 SE2d 314) (1986).

[9] *Klaub v. State*, supra at 44.

DECIDED JANUARY 9, 2003 —
RECONSIDERATION DENIED JANUARY 29, 2003.

*W. John Wilson*, for appellant.
*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney*, for appellee.