A06A0126. TAYLOR v. THE STATE.
(628 SE2d 611)

ADAMS, Judge.

A jury found Shelby Taylor guilty of driving under the influence of alcohol to the extent that it was less safe for him to drive, reckless driving, and failure to maintain a lane. Taylor appeals, contending (1) that insufficient evidence supports his convictions; (2) that the trial court erred by refusing to give his requested charge on circumstantial evidence as embodied in OCGA § 24-4-6; and (3) that the trial court erred by allowing the State to argue that he refused a blood alcohol test because he knew he had consumed too much alcohol.

1. "On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995).

Viewed in this light, the record shows that at 2:39 a.m., a Kennesaw police officer saw what he believed to be a stranded motorist situation with a pickup truck parked behind a Corvette. The officer made a U-turn and parked to offer assistance. After parking, he saw Taylor pulling his wife against her will toward the pickup truck. He told Taylor to halt, and called for backup because the wife was very hysterical and he believed he was dealing with a domestic dispute.

When the officer asked Taylor what had happened, Taylor replied that he was upset with how he had been treated by employees at Runaround Sue's and was driving around a corner at 45 miles per hour when he went off the road. When he went off the road, the front

air bags popped open; Taylor did not know what he hit that caused the air bags to deploy. The officer found tire marks and a fender in the area where Taylor ran off the road and the Corvette Taylor was driving was missing its left front fender. There was also a guardrail in the vicinity of Taylor's turn. Taylor did not appear injured or in need of medical attention, never complained that he had been injured by the airbag, and did not indicate that he had hit the windshield or any other part of the car.

When the officer first started talking to Taylor, he noticed a strong odor of alcohol on his breath. Taylor explained to the officer that he had been drinking from 9:00 p.m. to around 1:30 a.m. and could not tell him how many drinks he had consumed. Taylor consented to the officer's request that he perform field sobriety tests. Taylor lost his balance during the walk and turn test, he put his foot down more than once during the one-leg stand, he touched his upper lip and the bridge of his nose during the fingertip to nose test in which he was instructed to touch the tip of his nose, and when asked to recite the alphabet from C to O he responded with C to O and then continued with "Q, R, S, T, U, V, J, K, L, M, O, P, O" before stopping. Taylor's performance on these field sobriety tests indicated to the officer that he was under the influence of alcohol to the extent he was a less safe driver. Taylor refused to blow into the officer's alco-sensor and declined to take a breath test for alcohol after the officer read him the implied consent warning.

The officer acknowledged during cross-examination that it was very cold that night with temperatures in the mid-20s and that Taylor was shivering at the time he was placed under arrest. He also acknowledged that Taylor's speech was not slurred and that he could have performed poorly on some of the field sobriety tests as a result of the cold.

We find this evidence sufficient to support Taylor's convictions under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 40-6-48; 40-6-390; 40-6-391 (a) (1); *Raby v. State,* 274 Ga. App. 665 (618 SE2d 704) (2005) (evidence sufficient to support driving under the influence conviction); *Lesh v. State,* 259 Ga. App. 325 (577 SE2d 4) (2003) (evidence sufficient to support reckless driving conviction); *Viau v. State,* 260 Ga. App. 96 (579 SE2d 52) (2003) (evidence sufficient to support failure to maintain a lane conviction).

2. Taylor asserts he is entitled to a new trial because the trial court denied his written request for the following jury instruction:

> To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the theory of

guilt but also exclude every other reasonable theory other than the guilt of the accused.

This request tracks the language of OCGA § 24-4-6, and in *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994), the Supreme Court clarified that it has created a bright-line rule with regard to a trial court's duty to give this charge when the defendant requests it and the case includes both direct and circumstantial evidence. In a DUI case,

> the opinion testimony of a trained officer based upon his observation of an accused that the accused was impaired and a less safe driver . . . is direct evidence. But the evidence upon which the officer's opinion is based must be characterized as circumstantial. Failing field sobriety tests, for instance, may be caused by illness or handicap; the odor of alcohol about one's person may derive from alcohol inadvertently spilled on one's clothing by another. This evidence is certainly admissible and sometimes sufficient. It is nevertheless circumstantial in nature.

*Waits v. State*, 232 Ga. App. 357, 359 (2) (501 SE2d 870) (1998).

As this case falls within the criteria established by the Supreme Court in *Mims*, supra, the trial court erred by failing to give Taylor's requested charge. See *Waits*, supra; *Tomko v. State*, 233 Ga. App. 20, 21-22 (2) (503 SE2d 300) (1998). We cannot find this error harmless because similar evidence was introduced in *Waits*, supra, and *Tomko*, supra, and we found that it was not overwhelming and that a reversal was required.

3. Because Taylor must be retried, we address his remaining enumeration, in which he asserts reversible error occurred because the State made the following statements in closing argument:

> The Implied Consent Notice was read and the officer asked for a breath test and Mr. Taylor refuses. He knows that he has alcohol in his system and chances are he probably knows how much or he knows he has too much. He probably doesn't know the exact number, but you know what? What does that tell you? It tells you that his own assessment of how much he has to drink, that he'd rather lose his privilege to drive for an entire year than submit to that test. What does that tell you about his own assessment of how impaired he was — of how much alcohol he had, would he blow a .08 or higher? You can infer that. You absolutely can. And is it reasonable in light of all these things? Absolutely.

In *Kelly v. State*, 242 Ga. App. 30, 33-34 (5) (528 SE2d 812) (2000), we found no error resulted from the State's argument that the defendant refused the breath test because she was conscious of her impairment or guilt. We likewise find no error here.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 10, 2006.

*Herbert P. Schlanger*, for appellant.

*Barry E. Morgan, Solicitor-General, Katherine L. Griffiths, Assistant Solicitor-General*, for appellee.