## A99A0887. JONES v. THE STATE.
(521 SE2d 614)

ELDRIDGE, Judge.

Appellant, James C. Jones, was convicted by a Dawson County jury of trafficking in methamphetamine on March 6, 1997. Appellant appeals from the trial court's denial of his motion for new trial and his extraordinary motion for new trial. Without challenging the sufficiency of the evidence, appellant raises three enumerations of error.

The evidence at trial showed the following: On December 8, 1994, Agent John Anderson, a deputy with the Dawson County Sheriff's Department assigned to the Appalachian Drug Task Force, obtained and executed a search warrant for appellant's Dawson County residence. The search warrant also authorized agents of the

drug task force to search the garage which was located on the premises. When the agents arrived at appellant's residence, appellant was in the garage. In the garage, the agents found a hollowed-out car battery which, according to Agent Anderson, is typically used to hide drugs or valuables; an Igloo cooler bearing a scent of methamphetamine; a four-inch PVC pipe bearing a scent of methamphetamine; digital scales; triple beam scales; and a garbage bag containing jars of methamphetamine powder and two commonly used cutting agents, Inositol powder and Super B vitamin supplement. The garbage bag was found hanging from a door in the garage. Solomon Noble, a forensic chemist with the Georgia Bureau of Investigation ("GBI"), testified at trial that the total weight of the methamphetamine found in appellant's garage exceeded 200 grams.

At trial, appellant asserted an equal access defense, contending that he was no longer able to work in the garage due to a back injury and that the garage was used by other people in the community. The defense called multiple witnesses who were friends and relatives of appellant and who testified that they worked on cars in the garage. Among these witnesses was Johnny Jones, appellant's brother, who testified that he worked on cars in appellant's garage; that appellant was normally present whenever anyone else was using the garage; and that he (Johnny Jones) did not have any knowledge of the methamphetamine found in appellant's garage. Additionally, appellant testified that he was unaware that the methamphetamine was in his garage.

In rebuttal, the State called several witnesses, including Lloyd Roebuck, the confidential informant ("CI") who had given Agent Anderson information concerning the presence of methamphetamine in appellant's garage, leading to Agent Anderson's procurement of the search warrant. Roebuck testified that he had purchased methamphetamine from appellant on December 7, 1994; that later on the same day, he sold part of the methamphetamine he had purchased from appellant to an undercover agent and was arrested; and that, at the time of his arrest, he gave the arresting officers appellant's name as the person from whom he had purchased the methamphetamine and a physical description of appellant.

1. Appellant alleges that the trial court erred in allowing the State to call Roebuck as a witness because his testimony constituted evidence of a separate crime, the character of appellant had not been placed in issue, and the State had not provided notice that it intended to present evidence of a similar transaction.

(a) At trial, appellant's trial counsel initially objected to the testimony of Roebuck, arguing that the State had not provided notice of the State's intention to present evidence of a similar transaction, as required by Uniform Superior Court Rules ("USCR") 31.1 and 31.3,

and that the testimony did not rebut appellant's defense of equal access. The trial court ruled that Roebuck's testimony was admissible and recessed court. After the recess of court, the trial court agreed to hear further argument from defense counsel regarding Roebuck's testimony. Defense counsel stated:

> Well, I think what I am going to say makes it easier for [the trial court]. There is this case called Willis versus the State. I don't know if the [c]ourt can find it, 193 Georgia appeals, page 59, paragraph four that this is a case that is pretty similar to this and the last sentence in it is the one that kills the defendant's position in the case. . . . So my argument as to the introduction of similar crimes and not having been given notice is not, under the law that I found is not valid.

As such, appellant's trial counsel affirmatively waived his objection to the State's failure to provide notice of a similar transaction under USCR 31.1 and 31.3.

(b) Furthermore, even if appellant had not waived such objection, Roebuck's testimony constituted admissible evidence of impeachment and of the crime charged, both of which are outside the scope of USCR 31.1 and 31.3.

> [A]n indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the appropriate period of limitation, including the date alleged. The State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period.

(Citations and punctuation omitted.) *Miller v. State*, 226 Ga. App. 509, 511 (486 SE2d 911) (1997). The indictment in this case charged appellant with "possess[ing] and hav[ing] under his control 28 grams and more of a controlled substance, to wit: Methamphetamine, in violation of the Georgia Controlled Substance Act." Roebuck testified that he purchased 28 grams or more of methamphetamine from appellant on December 7, 1994. The indictment was returned on May 10, 1995, so the transaction on December 7, 1994, was within the statute of limitation. See OCGA § 17-3-1 (c). Therefore, Roebuck's testimony concerning the December 7, 1994 transaction was admissible as evidence of the crime charged.

Further, Roebuck's testimony constituted impeachment evidence. "[T]he State is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to. [Cits.]" *Howard v. State*, 206 Ga. App. 610, 611 (2) (426 SE2d 181) (1992). In this case, appellant testified that he had no knowledge of the methamphetamine that police found in his garage. Roebuck's testimony established that appellant *did* have knowledge of the methamphetamine in his garage on December 7, 1994. Roebuck's testimony was, therefore, admissible as impeachment evidence, because it tended to discredit and disprove appellant's claim that he had no knowledge of the methamphetamine discovered in his garage on December 8, 1994.

(c) Additionally, appellant contends that, even if Roebuck's testimony concerning the December 7, 1994 transaction was admissible, the trial court erred because Roebuck "inferred [sic] in his testimony that he had bought drugs from appellant on other occasions." Specifically, appellant now objects to two statements made during Roebuck's testimony: (1) that Roebuck did not buy methamphetamine from appellant unless he got an ounce or more; and (2) that Roebuck did not recall the location that appellant retrieved the drugs from that particular time. However, appellant has waived his right to appellate review of this issue because he failed to object at trial. *Benson v. State*, 233 Ga. App. 58, 60 (503 SE2d 316) (1998).

2. In his next two enumerations of error, appellant alleges that his trial counsel was ineffective.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

> To establish a claim of ineffective assistance of counsel, [appellant] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Appellant] must establish both the performance and the prejudice components of the *Strickland* test.

*Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996). "A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citations and punctuation omitted.)

*Cunningham v. State*, 222 Ga. App. 740, 743-744 (2) (475 SE2d 924) (1996); *Strickland v. Washington*, supra at 669.

(a) Appellant contends that he was denied effective assistance of counsel because trial counsel failed to elicit certain testimony from witness Johnny Jones. "Decisions regarding which witnesses to present are matters of trial strategy. When founded on legitimate evidentiary concerns, such decisions do not constitute ineffective assistance of counsel. [Cit.]" *DeYoung v. State*, 268 Ga. 780, 786 (5) (493 SE2d 157) (1997).

In this case, Johnny Jones, appellant's brother, testified in appellant's case-in-chief and denied ownership of the methamphetamine found in appellant's shop or that he had ever seen any methamphetamine in appellant's shop. At the motion for new trial hearing, trial counsel testified that after the introduction of Roebuck's testimony in rebuttal, Johnny Jones, who was also in custody for possession of methamphetamine, stated to him that "I (Johnny Jones) can go in and testify that that's my dope." Trial counsel testified that, based on the words Johnny Jones used and Johnny Jones' tone of voice and demeanor, he felt the testimony would be perjury. Trial counsel further testified that he felt that Johnny Jones' testimony asserting ownership of drugs, after having previously denied ownership and after Roebuck testified he had purchased drugs from appellant the previous day, would be counterproductive. Under the above facts, the trial court's finding that appellant was not denied effective assistance of counsel was not clearly erroneous and must be affirmed.

(b) Additionally, appellant contends that he was denied effective assistance of counsel because his trial counsel had an actual conflict of interest. In particular, appellant contends: (1) that trial counsel was actively representing both appellant and appellant's brother, Johnny Jones; (2) that Johnny Jones offered to testify that the methamphetamine found in appellant's garage belonged to Johnny Jones, rather than appellant; and (3) that trial counsel declined to elicit such testimony from Johnny Jones because of trial counsel's active representation of Johnny Jones' interests. Ineffective assistance of counsel does not result from the refusal of counsel to use possibly perjured testimony. *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992); see also *Nix v. Whiteside*, 475 U. S. 157 (106 SC 988, 89 LE2d 123) (1986); *Harris v. New York*, 401 U. S. 222, 225 (91 SC 643, 28 LE2d 1) (1971); *York v. State*, 207 Ga. App. 494 (428 SE2d 113) (1993).

To establish ineffective assistance of counsel due to a conflict of interest on the part of trial counsel, a defendant who raised no objection at trial must prove that counsel

actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. Where the contention is only the possibility of conflict, this is insufficient to impugn a criminal conviction.

(Citations and punctuation omitted.) *Leon v. State*, 237 Ga. App. 99 (513 SE2d 227) (1999).

The relationship of attorney-client may be expressly created by written contract, or may be inferred from the conduct of the parties. Although generally the test of employment is the fee, the basic question in regard to the formation of an attorney-client relationship is whether it has been sufficiently established that advice or assistance of the attorney is both sought and received in matters pertinent to his profession.

(Citations and punctuation omitted.) *Huddleston v. State*, 259 Ga. 45, 46-47 (376 SE2d 683) (1989).

In this case, appellant failed to demonstrate that trial counsel actively represented the interests of Johnny Jones. The only evidence before the court was the testimony of trial counsel. Trial counsel testified that, at the time of appellant's trial, he had not entered into "any sort of relationship" with Johnny Jones, nor had he told Johnny Jones that he would represent him. Although Johnny Jones had inquired of trial counsel as to the possibility of trial counsel representing him, trial counsel testified that he had told Johnny Jones that he was currently busy with appellant's case and that he would have to "investigate as to whether [he] would represent [Johnny Jones]." Trial counsel further testified that "after the turning of events in this case, I decided not to represent Johnny Jones in any fashion in any case."

Further, the record does not support that Johnny Jones, while offering to testify that he possessed the methamphetamine in question, sought legal advice from trial counsel as to his own interest. Rather, the record indicates that Johnny Jones was merely offering to aid in appellant's defense by claiming the methamphetamine found in appellant's garage. Nor does the record support that trial counsel's statement to Johnny Jones that "[i]f you go in and claim the dope at this point in this trial, then I think the result of that would be that both of you would go to jail" constituted legal advice to Johnny Jones. Therefore, appellant has failed to establish that an actual conflict of interest existed.

However, even if appellant had established an actual conflict of interest, appellant must further establish that the conflict adversely

affected his lawyer's performance. See *Fogarty v. State*, 231 Ga. App. 57, 59 (3) (497 SE2d 628) (1998). In this case, trial counsel testified that his actual reason for declining to elicit such testimony from Johnny Jones was his belief that the testimony would constitute perjury and that such testimony would have hurt, rather than have aided, appellant's defense. Therefore, even if an actual conflict of interest had existed, appellant has failed to establish that trial counsel would have acted otherwise absent the conflict of interest. Accordingly, we cannot say that the trial court's determination that appellant was not entitled to a new trial based on ineffective assistance of counsel was clearly erroneous.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 10, 1999 —
RECONSIDERATION DENIED SEPTEMBER 8, 1999

*Summer & Summer, Chandelle T. Summer, Toby J. Clarkson*, for appellant.

*Lydia J. Sartain, District Attorney, Scott A. Drake, Assistant District Attorney*, for appellee.