**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 6, 2020**

# In the Court of Appeals of Georgia

A20A1445. REYES v. THE STATE.

BROWN, Judge.

Following a jury trial,[1] Joseph Reyes was convicted of three counts of child molestation and one count of sexual battery against a child under the age of 16.[2] Reyes appeals, arguing that the evidence was insufficient to support his convictions. He also contends that the trial court erred by prohibiting him from questioning family members about allegations of molestation and admitting certain expert testimony. For the reasons that follow, we affirm Reyes' convictions.

---

[1] Reyes' trial took place in October 2013, after Georgia's new Evidence Code took effect.

[2] The trial court merged the sexual battery conviction into the child molestation convictions for purposes of sentencing.

"On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." (Citation and punctuation omitted.) *Maddox v. State*, 346 Ga. App. 674, 675 (816 SE2d 796) (2018). So viewed, the evidence shows that the ten-year-old victim was spending the night at the residence of Reyes' girlfriend. The victim fell asleep on the couch watching a movie, and awoke to Reyes touching her. Reyes raised the victim's shirt and put his mouth and hand on her breasts. Reyes also touched the victim on top of her clothes on her vaginal area. A few weeks later, the victim told her older brother what happened, and a family member reported the incident to law enforcement. The victim later told a forensic interviewer about the incident, and the recording of that interview was played for the jury.

Reyes was convicted of three counts of child molestation and one count of sexual battery of a child.[3] Reyes filed a motion for new trial. Following a hearing, the trial court denied the motion. Following Reyes' initial appeal, withdrawal of trial

---

[3] The State also charged Reyes with a fourth count of child molestation and a second count of sexual battery of a child for acts alleged to have been committed against the victim's sister. The jury found Reyes not guilty of those two counts.

2

counsel, and dismissal for failure to file a brief, the trial court granted current counsel's motion for an out-of-time appeal.

1. Reyes challenges the sufficiency of the evidence, arguing that no rational trier of fact could have found him guilty because the victim's story was the only evidence against him. We disagree.

"[I]n evaluating the sufficiency of the evidence on appeal, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." (Citations and punctuation omitted.) *Garner v. State*, 346 Ga. App. 351, 353-354 (1) (816 SE2d 368) (2018). And, we will "uphold a jury's verdict so long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case." (Citation and punctuation omitted.) Id. at 354 (1). Moreover, "the evidence of the victim alone [i]s sufficient to authorize the jury to find [a defendant] guilty of . . . child molestation. No requirement exists that this testimony be corroborated." (Citation and punctuation omitted.) *Spradlin v. State*, 262 Ga. App. 897, 898 (1) (587 SE2d 155) (2003). See also OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

3

"A person commits the offense of child molestation when [he] . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b).

Here, Reyes was convicted of having committed child molestation against the victim by touching her breast with his hand (Count 1), by touching her breast with his mouth (Count 2), and by touching her vaginal area with his hand (Count 3). Reyes also was convicted of having committed sexual battery against the victim by touching her intimate body parts without her consent (Count 4). The victim repeatedly testified that Reyes touched her, that he touched her chest, and that he used his hand and mouth. Additionally, evidence in the form of the victim's forensic interview was presented that Reyes touched the victim's vaginal area with his hand. The victim's testimony alone was sufficient evidence for a rational trier of fact to find Reyes guilty of child molestation and sexual battery. See *Spradlin*, 262 Ga. App. at 898 (1). See also *Torres v. State*, 353 Ga. App. 470, 476-477 (1) (838 SE2d 137) (2020).

4

2. Reyes contends that the trial court erred by precluding him from questioning witnesses about the victim's family members' sexual abuse history in order to show bias. We disagree.

Reyes sought to cross-examine the victim and her sister along with other family members about prior alleged molestations of and by members of the girls' family. Reyes proffered that there had been allegations of child molestation against the father of the victim's sister, and that the victim's grandmother and mother had previously reported their own sexual abuse. Reyes argued that the victim's sister was "hypersensitive" to sexual abuse issues and the prior abuse showed prejudice against him. The trial court denied Reyes' request, finding that the evidence was not relevant.

"Although a defendant is entitled to a 'thorough and sifting' cross-examination, . . . a trial court has broad discretion in determining the scope and relevancy of that examination." (Citation omitted.) *Gonzales v. State*, 345 Ga. App. 334, 336 (2) (812 SE2d 638) (2018) (physical precedent only). See also *Picklesimer v. State*, 353 Ga. App. 718, 723 (3) (839 SE2d 214) (2020). "And OCGA § 24-6-608 provides very specific, limited methods for attacking or supporting the credibility of a witness by evidence in the form of opinion or reputation." (Citation and punctuation omitted.) *Douglas v. State*, 340 Ga. App. 168, 171 (2) (796 SE2d 893) (2017).

5

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than a conviction of a crime as provided in Code Section 24-6-609, or conduct indicative of the witness's bias toward a party may not be proved by extrinsic evidence. Such instances may however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness:

(1) Concerning the witness's character for truthfulness or untruthfulness; or

(2) Concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

OCGA § 24-6-608 (b).

Relying on *Letlow v. State*, 222 Ga. App. 339 (474 SE2d 211) (1996), Reyes contends that evidence of the victim's family members' own allegations of child molestation would have supported his defense theory that the victim was "hypersexualized" and fabricated the allegations against him. In *Letlow*, this Court held that pursuant to OCGA § 24-9-68, "a prior act of molestation committed against the child of a witness is relevant to show any possible bias against an accused child molester that the witness may entertain, unconsciously or deliberately." Id. at 342-343

6

(2). OCGA § 24-9-68, a provision of the old Evidence Code, provided that "[t]he state of a witness's feelings towards the parties and his relationship to them may always be proved for the consideration of the jury." This provision was carried over to the new Evidence Code as OCGA § 24-6-622 ("[t]he state of a witness's feelings towards the parties and the witness's relationship to the parties may always be proved for the consideration of the jury"). See *Chrysler Grp., LLC v. Walden*, 303 Ga. 358, 362 (812 SE2d 244) (2018).

Here, Reyes did not seek to question the witnesses regarding these allegations in an effort to show bias or prejudice on the part of the witnesses, in contrast to *Letlow*, supra. Rather, Reyes sought to cast doubt on the credibility of the victims through the testimony of these witnesses. Accordingly, *Letlow* and OCGA § 24-6-622 do not govern the issue before us.

Recently, this Court held that it was not an abuse of discretion to preclude questioning of the victim's mother as to her own "false" allegations of molestation, which the defendant argued were evidence that the mother had coached the victim to make false accusations against him. *Douglas*, 340 Ga. App. at 171, 174 (2). Bearing in mind that OCGA § 24-6-608 (b) "places the decision whether to admit specific instances of conduct within the trial court's discretion," *Gaskin v. State*, 334 Ga. App.

758, 762 (1) (a) (780 SE2d 426) (2015), we cannot say under these circumstances that it was an abuse of discretion to preclude questioning as to these allegations. See *Douglas*, 340 Ga. App. at 173-174 (2).

3. Reyes lastly contends that the trial court erred in admitting the forensic interviewer as an expert because she had no college degree in forensic interviewing and had only testified as an expert in forensic interviewing on four prior occasions. He also argues that the testimony exceeded the scope of the witness' expertise. Again, we disagree.

"Acceptance or rejection of the qualifications of a proposed expert witness is within the sound discretion of the trial judge and will not be disturbed on appeal absent manifest abuse." *Bridges v. State*, 279 Ga. 351, 354 (3) (613 SE2d 621) (2005).

> An expert witness is anyone who, through training, education, skill, or experience, has particular knowledge that the average juror would not possess concerning questions of science, skill, trade, or the like. An expert witness may render an opinion within his area of expertise after the proper qualifications have been proven to the trial court.

(Citation omitted.) *Fielding v. State*, 278 Ga. 309, 311 (3) (602 SE2d 597) (2004). "Generally, nothing more is required to qualify an expert than that she has been

8

educated in a particular trade or profession. This special knowledge may be derived from experience as well as study." (Citation and punctuation omitted.) *Attaway v. State*, 279 Ga. App. 781, 782 (1) (632 SE2d 397) (2006).

Here, the forensic interviewer was a former police officer, trained in forensic interviewing at the National Children's Advocacy Center, had conducted over 1,200 forensic interviews with children, and had been qualified as an expert in four prior trials. The court allowed the witness to testify as an expert in forensic interviewing of children over Reyes' objection. Given the forensic interviewer's experience and training, the trial court did not abuse its discretion by allowing the witness to testify as an expert. See *Carter v. State*, 320 Ga. App. 454, 458 (3) (740 SE2d 195) (2013) (upholding the trial court's qualification of forensic interviewer who had extensive training in forensic interviewing, but no college degree, had conducted almost 350 forensic interviews, and had been qualified as expert in five prior trials), overruled on other grounds, *Watson v. State*, 297 Ga. 718, 720 (2) (777 SE2d 677) (2015).

Reyes also argues that certain opinions given by the forensic interviewer "strayed far outside of the range of acceptable testimony for this witness, based on her limited area of expertise and the fact that it was based solely on her experiences with children, rather than any formal training or education." During the defense's cross-

examination of the forensic interviewer, she opined that "[j]ust because a child does not disclose something does not mean it didn't happen." In response to defense counsel asking "[a]nd actually you did say a little while earlier that sometimes children don't disclose anything[,]" the forensic interviewer responded: "That is true. Disclosure is actually a process, and where they may tell one person something, they may not tell another person the same thing especially if they don't know the person. But just because a child does not disclose about something does not mean it did not happen."

We first note that Reyes now complains of testimony which he elicited on cross-examination. See *Hagan v. State*, 353 Ga. App. 534, 535 (2) (b) (839 SE2d 1) (2020). Regardless, this testimony was well within the forensic interviewer's scope of expertise as it related to forensic interviews of children and did not bolster the victim's testimony. See, e.g., *Westbrooks v. State*, 309 Ga. App. 398, 401-402 (2) (710 SE2d 594) (2011). To the extent that Reyes re-argues that the forensic interviewer was not qualified to give expert testimony in this regard due to her lack of training and education, we already have held, supra, that the trial court did not err

in qualifying the interviewer as an expert. Accordingly, this argument is without merit.[4]

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur.*

---

[4] Reyes also complains of certain testimony related to the victim's sister. The forensic interviewer also interviewed the victim's sister, and the recording of the interview was played for the jury. During trial, the forensic interviewer testified that she was aware of the victim's sister's attention deficit disorder ("ADD") diagnosis, that she had previously interviewed children with ADD, that interviews with children with ADD tended to be longer, and that it would not be uncommon for a child with ADD to have a different perception of time. Defense counsel objected, arguing that the forensic interviewer was not qualified to give opinions as to psychology. The trial court sustained the objection, instructing the forensic interviewer to only testify as to her specific experiences. Accordingly, we find no merit in Reyes' contention that the trial court erred in *allowing* this line of testimony. Moreover, we note that this testimony related only to the victim's sister, and the jury found Reyes not guilty of all counts relating to the alleged molestation of the sister.