## A00A0475. STEWART v. THE STATE.
(533 SE2d 737)

BLACKBURN, Presiding Judge.

Following a jury trial, Vincent Stewart appeals his conviction of burglary and aggravated assault, contending that the evidence was insufficient to support the convictions. Because we find the convictions were supported by the evidence at trial, we affirm.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Eason v. State,* 234 Ga. App. 595, 596 (1) (507 SE2d 175) (1998).

The evidence at trial showed that Stewart and his former girlfriend, Kimberly Monroe, had lived together briefly in the apartment Monroe rented. Their relationship ended, however, and Monroe asked Stewart to move out of the apartment because he had become violent. On the evening of August 14, 1997, while Monroe was out, Stewart broke into her apartment, hid in a closet with a gun in his

hand, and waited for her. When Monroe returned to the apartment, Stewart came out of the closet, held the gun to her head, and threatened to kill her. This evidence is sufficient to authorize the jury to find Stewart guilty beyond a reasonable doubt of burglary and aggravated assault. See *Jackson v. Virginia*, supra.

Stewart erroneously argues that the evidence at trial was only circumstantial and that the evidence did not exclude every other hypothesis save that of guilt. See *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988). In fact, the evidence, in part, consists of the testimony of the victim and Stewart's own admission to the police; this is direct evidence, not circumstantial. The convictions were authorized by the evidence and are affirmed.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 12, 2000.

*Robert D. Wilson,* for appellant.
*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney,* for appellee.