## S01A0673. ATKINS v. THE STATE.
### (549 SE2d 356)

THOMPSON, Justice.

A jury convicted Kenneth Lee Atkins of the malice murder of two-year-old Raquan McDowell.[1] On appeal from the denial of his motion for new trial, Atkins primarily challenges the sufficiency of the evidence to support his conviction, and asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

On the evening in question, a neighbor visited Atkins at the mobile home he shared with Takila Curtis and her children, two-year-old Raquan and an infant daughter. The children had been left in Atkins' care while their mother was at work. The neighbor observed Raquan sitting on the floor watching television and acting normally. Atkins provided the visitor with marijuana and beer, and the visitor left about 20 minutes later. Shortly thereafter, Atkins called 911 from the mobile home. He reported to the operator that Raquan had fallen off a chair in the back room and was unconscious. The ambulance had difficulty locating the mobile home and

---

[1] The crime took place on July 29, 1999. A true bill of indictment was returned on December 9, 1999, charging Atkins with malice murder; two counts of felony murder with the underlying felonies of aggravated battery and cruelty to children; aggravated battery; and possession of less than one ounce of marijuana. Trial commenced on April 10, 2000, and on April 12, 2000, a jury found Atkins guilty of all counts. He was sentenced on May 3, 2000, to life imprisonment for malice murder, plus 12 concurrent months for possession of marijuana. A motion for new trial was filed on June 2, 2000, and amended on December 13, 2000, to include a claim of ineffective assistance of trial counsel. After an evidentiary hearing, the amended motion for new trial was denied on December 29, 2000. A notice of appeal was filed on January 11, 2001. The case was docketed in this Court on January 26, 2001, and was submitted for decision on briefs on March 19, 2001.

passed by it several times while Atkins stood on the porch without signaling. When the ambulance finally pulled into the driveway, Atkins turned his back and entered the home closing the door behind him, and then failed to respond to the paramedics at the door. The paramedics let themselves into the home where they found the child unresponsive with bruises to the forehead, ears, hands, and shoulder.

Atkins gave varying explanations for Raquan's injuries: he told one paramedic that Raquan had fallen in the back room; he told the others that the child had fallen in the kitchen; and he explained to a next-door neighbor that the child had fallen on toys in the playroom and then began convulsing.

Raquan was transported to a pediatric critical care facility. The treating physician determined that the child's condition was indicative of a rotational or shaking-type injury, accompanied by repeated impacts. He testified that an accidental fall would not cause the multiple injuries sustained by the child.

Raquan died the next day. An autopsy revealed multiple brain hemorrhages and bruises to the head, as well as numerous external injuries. The cause of death was determined to be blunt force trauma to the head. The medical examiner likewise opined that Raquan's injuries could not have resulted from a fall. .

1. The evidence, although circumstantial, was sufficient to enable a rational trier of fact to find Atkins guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Atkins contends that the State failed to carry its burden of disproving his defense of accident beyond a reasonable doubt. See OCGA § 16-2-2.

"When a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt." *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999). Based on the extensive testimony of medical experts, Atkins' contradictory explanations, and additional circumstantial evidence, the jury, upon proper instruction, was authorized to conclude that the State met its burden of disproving accident.

3. It is asserted that there was a fatal variance between the manner of injury as alleged in the indictment and the evidence adduced at trial. We disagree.

The indictment specified that the child's injuries were inflicted by "blunt force trauma and injury to the head area . . . with an unknown solid object." Although the treating physician opined that the injuries were a result of rotational or shaking force, he added that the shaking may have occurred in combination with multiple blows to the head. In addition, the medical examiner specifically testified that the cause of death was blunt force injury to the head.

Atkins was not prejudiced because the "allegations and proof regarding the criminal conduct and the victim correspond so that [he] was able to present his defense, was not taken by surprise by the evidence at trial, and would not be subjected to further prosecution for the same conduct." *Ross v. State*, 268 Ga. 122, 124 (4) (485 SE2d 780) (1997), overruled on other grounds, *Bishop v. State*, supra.

4. Atkins contends that the trial court erred in refusing to suppress statements he gave the investigating officers.

The uncontroverted evidence adduced at a *Jackson v. Denno* hearing revealed that Atkins voluntarily came to the sheriff's office on the night Raquan was admitted to the hospital. During the next several hours, he gave two statements to investigating officers. Although he was not under arrest at the time of the first interview, *Miranda* warnings were administered and explained to him. Atkins executed a written waiver of those rights and gave a statement in which he explained that Raquan had sustained the injuries in a bedroom. Atkins was then free to go, but he remained at the sheriff's department. After the investigating officers had received medical information concerning the nature of the child's injuries, Atkins was placed under arrest and charged with aggravated battery and cruelty to children. He then agreed to a second interview, during which he disclosed that the injuries had occurred in the bathroom.

On appeal, Atkins asserts that the statements were given under duress and with the inducement of benefit. However, the evidence belies this contention. Atkins acknowledged during the first interview that he had been treated fairly by the officers, that he had not been denied any comforts, and that he had been advised of his rights and understood them. See *Lyles v. State*, 221 Ga. App. 560 (472 SE2d 132) (1996) (a finding of voluntariness is appropriate where a suspect executes a written waiver which includes a statement that he received no promises). The officer who conducted the second interview, which lasted about three minutes, testified that Atkins was not promised leniency or the hope of any benefit for his statement.

The trial court determined that Atkins was advised of his constitutional rights, that he knowingly and voluntarily relinquished those rights, and that his subsequent statements were voluntary. A trial court's factual determinations and credibility relating to the admissibility of a defendant's custodial statement will be upheld on appeal, unless clearly erroneous. *Lee v. State*, 270 Ga. 798 (2) (514 SE2d 1) (1999). Considering the totality of the circumstances, we find no error.

5. Contrary to Atkins' contention, he was not denied effective assistance of trial counsel due to counsel's failure to object when the treating physicians testified that Raquan presented with injuries consistent with child abuse, and that the injuries were not accidental.

"[E]xpert opinion testimony, even on the ultimate issue to be decided by the jury, is admissible if the expert's conclusion is beyond the ken of the average layperson." *Turtle v. State*, 271 Ga. 440, 443 (2) (520 SE2d 211) (1999). The testimony in issue was necessary to assist the jury in understanding the nature and cause of the child's injuries and to disprove the affirmative defense of accident. In addition, trial counsel testified at the hearing on the motion for new trial that he did not object to the testimony because he did not want to draw attention to the statements and overemphasize them to the jury. Such decisions by trial counsel are given "substantial latitude." *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999). Atkins has not shown that he was deprived of his Sixth Amendment right to counsel under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 2001.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.