## S03A0099. HILL v. THE STATE.
### (576 SE2d 886)

CARLEY, Justice.

Cantrell Hill was found guilty of felony murder of Melvin Walton during the commission of aggravated assault, armed robbery, and possession of a firearm while committing a crime. The trial court sentenced Appellant to concurrent terms of life imprisonment for murder and armed robbery, and to a concurrent five-year term for the weapons offense. The trial court denied a motion for new trial, and Hill appeals.[1]

1. According to the State's evidence, Appellant conspired with Sheila Randall and others to rob the victim. Ms. Randall arranged a date with Mr. Walton, and then informed her co-conspirators when she would be alone with him at his home. Appellant attempted to force his way into the residence, but the victim confronted him. He shot several times through the door and killed Mr. Walton. He then entered the home and robbed Walton, who was still alive at that time. Ms. Randall initially denied any involvement. However, she eventually admitted planning the robbery, but denied that murder was an element of the scheme. Appellant divided the stolen money with the co-conspirators, and was overheard admitting that he shot Mr. Walton. Ms. Randall agreed to plead guilty to involuntary manslaughter, and testified for the State. Appellant denied any participa-

---

[1] The crimes were committed on June 5, 1999. The grand jury indicted Appellant on October 19, 1999. The jury returned the guilty verdicts on May 31, 2000 and, on that same day, the trial court entered judgments of conviction and imposed the sentences. On June 13, 2000, Appellant filed a motion for new trial, which the trial court denied on July 29, 2002. On August 1, 2002, he filed a notice of appeal and, on September 20, 2002, the case was docketed in this Court. The appeal was submitted for decision on November 11, 2002.

tion in the crimes, and presented an alibi defense.

When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Appellant was guilty of felony murder, armed robbery and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the failure of the trial court to charge on the standard of proof necessary to convict an accused on circumstantial evidence. OCGA § 24-4-6. However, he did not make a written request for such an instruction. Where, as here, the State's case is based upon direct, as well as circumstantial, evidence, the trial court does not err by failing to give the charge sua sponte. *Sharpe v. State*, 272 Ga. 684, 690 (12) (531 SE2d 84) (2000). Compare *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) (a written request to charge on OCGA § 24-4-6 should be given whenever the prosecution is based even partially upon circumstantial evidence).

3. After beginning deliberations, the jurors informed the trial court that, in connection with the offense of possessing a firearm, they were "unclear as to whether or not association with the crime makes . . . the defendant guilty. We're not sure about dealing with possession if we're not sure exactly who was doing the shooting." In responding to this inquiry, the trial court gave a lengthy charge, which included the following: "You would be authorized to convict only if you should find . . . , beyond a reasonable doubt, that the defendant knowingly had actual or constructive possession, either alone or jointly with others." Appellant urges that this is an erroneous statement of the law, because the crime requires proof of his actual possession of the firearm.

Evidence that the defendant or an accomplice either carried or was within arm's length of a weapon during the commission of a crime authorizes a finding of guilt of violating OCGA § 16-11-106 (b). *Tesfaye v. State*, 275 Ga. 439, 440 (1) (569 SE2d 849) (2002); *Victrum v. State*, 203 Ga. App. 377, 379 (3) (416 SE2d 740) (1992). Compare *McIntosh v. State*, 185 Ga. App. 612, 615 (5) (365 SE2d 454) (1988) (controlled by statute prior to effective date of amendment which added "or within arm's reach" to definition of offense). Therefore, Appellant's conviction for that offense need not be based upon proof of his own actual possession of the weapon. Thus, the enumeration challenging the trial court's response to the jury's inquiry is without merit.

4. Appellant's attorney attempted to subpoena two of Ms. Randall's former cell mates to appear and testify on behalf of the defense. Due to their transfer to other facilities, however, they were not available when the case was called for trial. Had they appeared, they

would have testified that Ms. Randall admitted to them that Appellant was not the shooter. He urges that defense counsel's failure to ensure the presentation of that testimony was an instance of ineffectiveness. The record shows that Appellant and his lawyer conferred about the absent former cell mates, and that the trial court then asked whether the defense wanted to seek a continuance. Appellant himself responded that he would "[l]ike to keep on moving out, sir." After an accused has the opportunity to consult with his attorney, he makes the ultimate decision about whether or not to present witnesses. *Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988) (death penalty). Thus, Appellant has not shown counsel's ineffectiveness in this regard because, after he and his counsel discussed the absence of the two potential witnesses for the defense, Appellant personally and expressly waived a continuance and elected to proceed with the trial.

Moreover, during the cross-examination of Ms. Randall, trial counsel introduced several of her letters in which she exonerated Appellant as Mr. Walton's killer. She was questioned extensively about the documents, and the trial court charged on impeachment by prior inconsistent statements. Thus, any testimony given by the two former cell mates would only have been cumulative of Ms. Randall's letters. A reasonable attorney might well conclude that impeaching evidence in the form of a prosecution witness' own correspondence is sufficiently compelling to the jury, and obviates the necessity to present any additional testimony about the witness' overheard oral statements to the same effect. "We therefore conclude that [Appellant] has failed to establish a reasonable probability that the outcome of the trial would have been different if [these] witness[es] had been called to testify. [Cit.]" *Columbus v. State*, 270 Ga. 658, 661-662 (2) (b) (513 SE2d 498) (1999).

5. On cross-examination, Appellant made a voluntary reference to the time when he last "got out of boot camp. . . ." Without objection, the prosecutor followed up by eliciting testimony that Appellant was in boot camp because he violated probation imposed in connection with a conviction for possession of marijuana. On appeal, Appellant contends that questioning him about his boot camp experience placed his character into issue and that the failure to object was an additional example of the ineffectiveness of his trial counsel.

The Appellant himself introduced the general topic of boot camp, and thus "opened the door to testimony on the subject. . . ." *Whitt v. State*, 257 Ga. 8 (2) (a) (354 SE2d 116) (1987). Moreover, at the hearing on the motion for new trial, former defense counsel indicated that, in his professional opinion, an objection would overemphasize Appellant's admission and that it was better for the jury to know that the prior conviction was for possession of marijuana, rather than a

more serious offense. The trial court was authorized to find that counsel applied a valid trial strategy, and that he was not ineffective for making the tactical decision not to object to the prosecutor's line of cross-examination concerning the specifics of his client's attendance at boot camp. See *Atkins v. State*, 274 Ga. 103, 106 (5) (549 SE2d 356) (2001).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*William J. Mason,* for appellant.

*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.