A04A0009. WALKER v. THE STATE.
(598 SE2d 84)

RUFFIN, Presiding Judge.

A jury found Alphonso Walker guilty of possessing cocaine.[1] In his sole enumeration of error, Walker contends that the evidence was insufficient to support his conviction. For reasons that follow, we affirm.

---

[1] The jury also found Walker guilty of possessing marijuana, but Walker does not challenge this conviction on appeal.

On appeal from a criminal conviction, Walker is no longer presumed innocent, and we view the evidence in a light most favorable to support the jury's verdict.[2] In so doing, we neither weigh the evidence nor assess witness credibility.[3] Viewed in this manner, the record reveals that on April 12, 2002, law enforcement agents working on a drug task force received a tip that Walker was selling marijuana from a brown pickup truck. Agent Dan McDonald saw Walker driving the truck, and he followed the truck until it stopped at a trailer park. Walker exited the truck and "jogged" toward the door of the trailer, leaving his passenger, Nicholas Day, in the truck. According to McDonald, he saw Walker reach "in and out of his pockets" before turning back toward the law enforcement agents.

McDonald identified himself as a law enforcement agent and asked Walker for consent to search the truck, which Walker granted. During his search, McDonald discovered a bag of cocaine stashed inside the CD drive of a portable stereo. After finding the cocaine, McDonald searched the area near the trailer door where he had seen Walker standing, and he discovered a brown paper bag filled with 17 small bags that contained marijuana. McDonald then arrested and searched Walker, who was carrying over $1,000 in cash. McDonald spoke with Walker, who admitted that the truck and the portable stereo were his.

Both Walker and Day testified at trial. According to Day, he knew nothing about the cocaine in the portable stereo. Walker also testified that he never put anything in the stereo. And Walker testified that he knew Day had used drugs in the past and that Day seemed high that day. Based upon this and other evidence, the jury found Walker guilty of possessing the cocaine found in the stereo.

On appeal, Walker argues that the evidence was not sufficient to support a finding that he was guilty because Day had equal access to the contraband found in the truck. Under the equal access rule, a defendant is entitled to acquittal if: (1) the only evidence of his possession of the contraband is his possession of the vehicle in which the contraband was found; and (2) others had equal access to the part of the vehicle in which the contraband was found.[4] "If there is additional evidence of possession of the contraband by the accused — either circumstantial or direct — other than mere ownership, use, or possession of the vehicle, then an issue is made for the jury."[5]

---

[2] See *Jackson v. State*, 258 Ga. App. 806 (1) (575 SE2d 713) (2002).

[3] See id.

[4] See *Kantorik v. State*, 257 Ga. App. 828, 829 (2) (572 SE2d 690) (2002).

[5] *Evans v. State*, 262 Ga. App. 712, 718 (2) (586 SE2d 400) (2003).

Here, there was more than Walker's mere possession of the vehicle tying him to the possession of the cocaine. Not only was the cocaine found in Walker's car, but it was stashed inside his stereo. And Day, the only other person in the car, denied that the drugs were his. Although Walker questions Day's credibility, it is the jury's responsibility to resolve such issues.[6] Again, we view the evidence in a light most favorable to the jury's verdict.[7] Under the circumstances of this case, the jury was authorized to conclude beyond a reasonable doubt that Walker possessed the cocaine.[8] It follows that Walker's claim of error lacks merit.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 6, 2004.

*M. Francis Stubbs,* for appellant.
*Steven Askew, District Attorney, David C. Walker, Assistant District Attorney,* for appellee.

---

[6] See *Williams v. State*, 262 Ga. App. 67, 68 (1) (584 SE2d 625) (2003) (" 'Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve.' ").

[7] See *Jackson*, supra.

[8] See *Phillips v. State*, 259 Ga. App. 331, 333 (3) (577 SE2d 25) (2003).