### S05A0161. WALLACE v. THE STATE.
(608 SE2d 634)

THOMPSON, Justice.

Antoine Wallace was convicted of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony, in connection with the shooting death of Danielle Curney.[1] On appeal, Wallace asserts that the trial court improperly admitted certain hearsay testimony, and that the evidence was constitutionally insufficient. Finding no error, we affirm.

Curney was shot and killed while sitting in his car at his girlfriend's apartment complex. Two eyewitnesses were seated in the front seat of a van parked nearby. Both witnesses observed Wallace approach their vehicle and walk around it. It was broad daylight and they were able to observe him closely from a distance of about two feet. When they saw Wallace draw a pistol from his waistband, the witnesses crouched down in their seats. Immediately thereafter, they heard multiple gunshots. One witness observed a single perpetrator run from the scene. The police arrived to find the victim slumped over in his bullet-ridden car. Both eyewitnesses gave them a description of the shooter. Within hours of the shooting, the two eyewitnesses independently identified Wallace as the perpetrator from a photographic lineup.

Previously, Wallace had had an intimate relationship with Curney's girlfriend. Two months before the shooting, Wallace boasted to Curney that, "Yeah, I had your girl." Curney responded by beating Wallace.

Within days after the shooting, Wallace told another former girlfriend that on the night in question, he had observed Curney drive into the apartment complex and back into a parking spot. Wallace admitted, "that he had shot Danielle . . . until he couldn't shoot

---

[1] A grand jury indicted Wallace on March 28, 2003, and charged him with malice murder, felony murder predicated on the underlying felony of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. Trial commenced on December 10, 2003, and on December 17, 2003, a jury found Wallace guilty of all charges. He was sentenced on December 22, 2003, to life in prison for malice murder, plus five consecutive years on the weapons charge, which the court suspended. A timely motion for new trial was denied on July 21, 2004. A notice of appeal was filed on August 19, 2004. The case was docketed in this Court on September 23, 2004, and submitted for a decision on briefs on November 15, 2004.

anymore," and then disposed of the weapon. He claimed concern that Curney was going to shoot him over an incident involving a girl. Wallace also revealed that some people were sitting in a white van in the parking lot, but he believed they were unable to see him.

1. Citing OCGA § 24-4-6, Wallace asserts that the State's evidence against him was wholly circumstantial and failed to exclude the possibility that other unnamed individuals shot and killed Curney. Reliance on that Code section is misplaced because there was direct evidence of Wallace's guilt in the form of his own statement. See *Stewart v. State*, 243 Ga. App. 468 (533 SE2d 737) (2000). In addition, there was eyewitness testimony to the effect that Wallace approached Curney's car armed with a pistol and that multiple shots were fired into the vehicle. The evidence, as recited above, was sufficient for a rational trier of fact to have found Wallace guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wallace asserts that the trial court improperly admitted certain testimony in violation of the Confrontation Clauses of the federal and Georgia Constitutions. Because this ground was not specifically raised by objection at trial, it will not be considered on appeal. See *Smith v. State*, 265 Ga. 570 (3) (459 SE2d 420) (1995).

3. After a proffer outside the presence of the jury, Monique Reed was permitted to testify that she and her boyfriend spent the evening prior to the shooting with Wallace, and that the three were together again on the afternoon following the shooting. On that occasion Reed was privy to a conversation between Wallace and her boyfriend. In recounting Wallace's behavior on the previous evening, Reed's boyfriend said, "All you kept saying was 'you gonna kill that boy Danielle.' " Wallace responded, "Yeah, yeah." The trial court allowed the testimony as an "adoptive admission" under *Carruthers v. State*, 272 Ga. 306 (14) (528 SE2d 217) (2000).

A "declarant's statements are admissible 'where the defendant adopts the statements as his own by his responses.' *Gordon v. State*, 273 Ga. 373, 374 (2) (a) (541 SE2d 376) (2001), citing *Carruthers v. State*, [supra]." *White v. State*, 276 Ga. 583, 587 (1) (b) (581 SE2d 18) (2003). Here Wallace affirmatively acknowledged that the inculpatory statements were true. Thus, the statements "were admissible as substantive evidence because [Wallace] directly responded to them in a manner that adopted their substance." *Carruthers*, supra at 316 (14).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.