### A06A2087. BARRINO v. THE STATE.
(639 SE2d 489)

MIKELL, Judge.

Michael Barrino was convicted of possession of MDMA[1] and was sentenced as a recidivist to twenty years, with five to serve. He appeals from the order denying his motion for a new trial, challenging the sufficiency of the evidence and the trial court's charge to the jury on circumstantial evidence. Finding no reversible error, we affirm.

---

[1] MDMA is an abbreviation for 3, 4-methylenedioxymethamphetamine and is commonly known as "Ecstasy." See OCGA § 16-13-25 (3) (Z); *Giacini v. State*, 281 Ga. App. 426 (636 SE2d 145) (2006).

On appeal from a criminal conviction, the defendant is no longer presumed innocent, and the evidence is viewed in a light most favorable to support the jury's verdict.[2] The appellate court neither weighs the evidence nor assesses witness credibility.[3] Further, "[c]onflicts in the testimony of the witnesses, including the [s]tate's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld."[4]

Properly viewed, the evidence shows that on June 11, 2004, Detective J. Franklin, a narcotics investigator employed by the City of Atlanta Police Department, was conducting surveillance on a known drug suspect at the Diamond Club along with two other detectives. When the suspect left the club in a vehicle, Franklin notified a uniformed officer to initiate a traffic stop. Franklin noticed that a Dodge Dakota left the club at the same time as the suspect, pulled around the traffic stop, and then returned to the location twice. The second time, the Dakota parked next to the detectives' unmarked vehicle, and an occupant of the Dakota exited the vehicle and started walking toward the lone uniformed officer. Concerned for the officer's safety, Franklin and the other detectives, all of whom were dressed in plain clothes, exited their vehicle. Franklin approached the Dakota, and one of the other detectives approached the person who was nearing the uniformed officer. Franklin testified that when he came to the Dakota, he identified himself as a police officer and displayed his badge. Barrino was sitting in the passenger seat. As soon as Franklin displayed his badge, Barrino placed his hands underneath his legs as though he were trying to hide something. Franklin could not determine what the object was, so he asked Barrino to step outside the vehicle. As soon as Barrino did so, Franklin saw a clear plastic bag containing several pills which he recognized to be MDMA, or "Ecstasy," on the seat where Barrino had been sitting.

Franklin questioned Barrino as to the contents of the bag, and he stated that the pills contained Creatine, or a weight-lifting supplement. Franklin, however, was aware of the difference in size between a Creatine pill and an Ecstasy pill and was able to identify the pills as Ecstasy. He placed Barrino under arrest. There were two women in the Dakota, and Barrino volunteered that the drugs belonged to him and not the women.

---

[2] *Walker v. State*, 266 Ga. App. 788, 789 (598 SE2d 84) (2004).

[3] Id.

[4] (Citation, punctuation and footnote omitted.) *Truitt v. State*, 266 Ga. App. 56 (596 SE2d 219) (2004).

One of the female occupants of the Dakota, Shannon Cagle, who was dating Barrino at the time, testified that the officers found a white plastic bag containing pills while searching the front passenger side of the vehicle; that one of the officers held the bag aloft and asked what it was; and that Barrino said, "whatever it was it was his."

A forensic chemist identified the substance in the pills as MDMA.

1. Barrino argues that the circumstantial evidence is insufficient to support his conviction of possession of MDMA because the detectives did not observe him exercise control over the pills and the state failed to exclude the possibility that the contraband belonged to the other occupants of the vehicle. We disagree. First, Barrino's contention that the evidence was entirely circumstantial is incorrect. The testimony of Franklin and Cagle that Barrino admitted owning the bag of pills is direct evidence of his guilt.[5] Moreover, the pills were found in the exact spot where Barrino had been sitting.[6] Finally, cases cited by Barrino are inapposite. In *Shirley v. State*,[7] the defendant was one of four occupants in a car, and the contraband was found in a gym bag belonging to one co-defendant located in front of a seat occupied by another co-defendant. There was no evidence of a connection between the defendant and the contraband other than spatial proximity, which, standing alone, will not support a conviction.[8] In *Ridgeway v. State*,[9] we held that the defendant's presence in the living room of an apartment did not connect him with heroin and cocaine found in other rooms of the house, even though contraband was found on his person when he was arrested.[10] In the case at bar, Barrino's admission directly connects him with the contraband. We find the evidence sufficient to find Barrino guilty beyond a reasonable doubt of possession of MDMA.[11]

2. Finally, Barrino argues that the trial court erred in failing to charge the jury on OCGA § 24-4-6, which provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The court defined direct and circumstantial evidence for the jury but did not charge the statute. Barrino did not submit a request to charge the

---

[5] See *Wallace v. State*, 279 Ga. 26, 27 (1) (608 SE2d 634) (2005); *Stewart v. State*, 243 Ga. App. 468, 469 (533 SE2d 737) (2000).

[6] See *Helton v. State*, 271 Ga. App. 272, 274 (a) (609 SE2d 200) (2005) (evidence of possession held sufficient where bags of methamphetamine were found in the exact location where defendant had leaned over after exiting his vehicle).

[7] 166 Ga. App. 456 (304 SE2d 468) (1983).

[8] Id. at 456-457 (1).

[9] 187 Ga. App. 381 (370 SE2d 216) (1988).

[10] Id. at 382.

[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

statute, however; and "[w]here, as here, the [s]tate's case is based upon direct, as well as circumstantial, evidence, the trial court does not err by failing to give the charge sua sponte."[12]

Barrino contends that his conviction must be reversed because the state requested the pattern charge on direct and circumstantial evidence, which includes OCGA § 24-4-6, and the court was required to give the charge at the state's request. Barrino cannot assert the court's failure to charge the statute at *the state's* request as a basis for reversal, however. The bright-line rule established by the Supreme Court in *Mims v. State*[13] imposes a duty upon the trial court to give this charge when "the case includes both direct and circumstantial evidence *and the defendant has requested a charge on circumstantial evidence.*"[14] As Barrino did not request the charge, the trial court did not commit reversible error in failing to give it.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 20, 2006.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.

---

[12] (Citations omitted.) *Hill v. State*, 276 Ga. 220, 221 (2) (576 SE2d 886) (2003).

[13] 264 Ga. 271 (443 SE2d 845) (1994).

[14] (Citation omitted; emphasis supplied.) Id. See also *Taylor v. State*, 278 Ga. App. 181, 183 (2) (628 SE2d 611) (2006).