## A07A0583. RODRIGUEZ v. THE STATE.
(642 SE2d 705)

BLACKBURN, Presiding Judge.

Following a jury trial, Edwin Rodriguez was convicted of burglary,[1] theft by taking,[2] and criminal trespass.[3] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred by not sufficiently charging the jury on circumstantial evidence. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[4] the record shows that in the early morning of March 18, 2005, James Crumpler was walking to work through midtown Atlanta when he heard a loud crashing noise coming from a dry cleaning establishment directly across the street. As he turned toward the dry cleaners, he saw Rodriguez scrambling around on the floor inside the building. A moment later, Rodriguez exited the building and started walking away from the scene. Using his cell phone, Crumpler called the police to report the suspected burglary and began following Rodriguez. At the next intersection, Rodriguez turned the corner and appeared to enter an apartment building. Crumpler continued following while also staying on the line with the police to direct them to Rodriguez's location. After a minute or two, Rodriguez re-emerged wearing a different shirt and started walking away from the building. Crumpler continued following him, and within a few minutes, the police arrived. Rodriguez was arrested, and the police recovered approximately $45 in loose change from his pockets.

Rodriguez was indicted on one count each of burglary, theft by taking, and criminal trespass. At trial, Crumpler and the responding officer recounted the circumstances surrounding the incident. In addition, the owner of the dry cleaners testified regarding the damage to his store and to the fact that a significant amount of change had been stolen from the store's cash register. At the trial's conclusion, the jury found Rodriguez guilty on all three counts of the indictment.[5] His motion for new trial was denied, and this appeal followed.

Rodriguez contends that the trial court erred in failing to charge the jury on OCGA § 24-4-6, which provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only

---

[1] OCGA § 16-7-1.

[2] OCGA § 16-8-2.

[3] OCGA § 16-7-21.

[4] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[5] Rodriguez's sentence for his conviction of theft by taking was later set aside due to the fact that this offense merged with his conviction for burglary.

be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." We disagree.

In this matter, the court defined direct and circumstantial evidence while instructing the jury but did not specifically charge OCGA § 24-4-6. Rodriguez, however, did not submit a request to charge the statute. "Where, as here, the State's case is based upon direct, as well as circumstantial, evidence, the trial court does not err by failing to give the charge sua sponte." *Hill v. State.*[6] Indeed, the trial court has a duty to charge OCGA § 24-4-6 only when "the case includes both direct and circumstantial evidence *and the defendant has requested a charge on circumstantial evidence.*" (Emphasis supplied.) *Mims v. State.*[7] See *Robinson v. State.*[8] Because Rodriguez did not request that the statute be charged, the trial court did not err in failing to give it. See *Barrino v. State.*[9] Accordingly, we affirm Rodriguez's conviction.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 27, 2007.

*Mau & Kondritzer, Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[6] *Hill v. State*, 276 Ga. 220, 221 (2) (576 SE2d 886) (2003).
[7] *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994).
[8] *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991).
[9] *Barrino v. State*, 282 Ga. App. 496, 499 (2) (639 SE2d 489) (2006).